## O. A. LENDE v. CANBY HEREFORD FARMS COMPANY AND OTHERS.[1]

April 26, 1929.

No. 27,242.

*J. N. Johnson* and *A. W. Ewing,* for appellant.
*Johnson & Schaefer,* for respondents.

OLSEN, C.

Appeal by plaintiff from an order denying his motion for a temporary injunction except upon certain conditions.

In May, 1927, Canby Hereford Farms Company, hereinafter called the Farms company, commenced an action against O. A. Lende and I. J. Sawvell to recover the sum of $2,000 and interest upon two promissory notes, and attorneys' fees. On June 19, 1928, the action was tried and verdict returned therein for $2,460 against Lende and Sawvell. Judgment thereon was entered August 14, 1928. Johnson & Schaefer were attorneys for the Farms company in the action and claim a lien on the verdict and judgment of some $800 for attorneys' fees and expenses. They served notice of their lien on September 11, 1928. They also hold an assignment of the verdict

[1]Reported in 225 N. W. 150.

and judgment to be entered thereon, dated June 22, 1928, copy of which is attached to their answer in the present action, served September 12, 1928. The assignment is alleged to have been given to secure payment to them of the attorneys' fees and expenses above mentioned, and fees and expenses owing to them in other matters handled for the Farms company, amounting to some $600. It is further alleged that on September 4, 1928, they caused the judgment in said action to be sold at public sale for the purpose of paying their said claims and that they purchased the judgment at such sale.

On May 4, 1927, Lende and Sawvell purchased a promissory note for $2,000, given by the Farms company, due December 1, 1927. Sawvell thereafter transferred his interest in the note to Lende. On February 1, 1928, Lende commenced suit in the district court of Yellow Medicine county to recover on this note. Answer was interposed, and the action is pending and undetermined. The Farms company is insolvent.

The present action was commenced August 20, 1928, against the Farms company, and Schaefer & Johnson, for a temporary injunction to stay the enforcement of the judgment against Lende and Sawvell, by execution or otherwise, until the determination of the action brought by Lende against the Farms company to recover on the $2,000 note, and to have such judgment as he may recover therein offset against the prior judgment against himself and Sawvell. That the defendants in the present action intend to enforce the prior judgment by levy under execution upon the property of this plaintiff, and that by reason of the insolvency of the Farms company plaintiff will suffer irreparable loss, is sufficiently alleged. Motion for a temporary injunction was made at the time of the commencement of this action. It was heard upon the pleadings and affidavits presented by both parties. The court on October 6, 1928, granted the motion for a temporary injunction on condition that plaintiff give the usual bond, and on the further condition that plaintiff pay to Johnson & Schaefer, within 30 days from the date of the order, the sum of $1,431.70, otherwise the motion to stand denied. This sum of $1,431.70 was the amount which the court found Johnson &

Schaefer were entitled to under their lien for attorneys' fees in the action wherein the judgment was obtained and for services rendered by them for the Farms company in other matters. Plaintiff's reply challenges the amount, validity, and priority of the attorneys' lien, and assignment and sale of the judgment.

The questions as to the amount, validity and priority of the attorneys' lien, and their claim for other services, are issues of fact in this suit. These issues should be determined at the trial of the action and not on a motion before trial on affidavits. The granting of a temporary injunction is largely a matter of discretion for the trial court. Having exercised that discretion to the extent of granting the injunction, the plaintiff should not, as a condition thereof, be required to surrender a substantial part of his cause of action at issue in the suit. The judgment in question being for more than $1,000 in excess of the claims of Johnson & Schaefer, the court was well within its discretion in holding that the enforcement of the judgment should be restrained until plaintiff's rights to an offset are determined. Plaintiff claiming that his equities and rights are prior and superior to the rights of these defendants, and such claims being issues in the suit, they should be left for determination on the trial. At this stage of the proceeding, we are not called upon to decide the issues or the relative rights of the parties in the matter of attorneys' lien, assignment of judgment, or offsetting judgments. The defendants are protected by the bond to be given. If deemed insufficient in amount, the trial court has ample power to require sufficient protection.

Order reversed, with directions to the trial court to amend its order by striking out therefrom the findings of fact and conclusions of law, and by amending the order so as to grant the motion for a temporary injunction without condition, except the giving of a proper injunction bond.