## THERMORAMA, INC. v. J. (JACK) BUCKWOLD.

125 N. W. (2d) 844.

January 17, 1964—No. 39,179.

*Harold J. O'Loughlin,* for appellant.
*Altman, Geraghty & Mulally* and *Sydney C. Berde,* for respondent.

PER CURIAM.

This is an appeal from an order denying a temporary injunction sought by plaintiff to prohibit defendant from soliciting its customers and from competing with plaintiff in violation of an employment contract between them.

It appears that on January 2, 1957, defendant was employed by plaintiff to sell to retailers various items of clothing handled by plaintiff in its garment business. The agreement entered at that time provided in part as follows:

"Buckwold agrees, in consideration hereof, that in the event of any termination of this Agreement, he will not sell insulated garments of any kind, manufactured by others, within the States of Minnesota, Wisconsin, Iowa, North Dakota, South Dakota, Montana, Michigan, or Idaho, in competition with the Company, to the established trade in said area, or any person, partnership or corporation whose trade has been established by the Company as Company customers, for a period of one (1) year from and after the date of such termination, and during such time, will permanently desist and refrain from in any manner, either directly or indirectly, engaging in such business."

The plaintiff on March 8, 1963, terminated defendant's employment effective 30 days thereafter. This action was commenced March 29, 1963. The complaint alleges that defendant has solicited plaintiff's customers and has engaged in competition with it, and prays for an injunction without, however, seeking damages. A hearing on the temporary injunction was conducted on May 31, 1963. Plaintiff's motion was denied on June 25, 1963, without findings and without a memorandum and from that order plaintiff appeals.

Affidavits in support of the motion allege a systematic solicitation of plaintiff's customers by defendant and active participation by him in a competitive business enterprise as a salesman for Samco Sportswear, Inc. In addition, plaintiff introduced documentary evidence showing that at an apparel exhibit in Minneapolis in April 1963 defendant advertised himself as the representative of Samco Sportswear, Inc., selling "World's finest genuine ski-wear and insulated clothing." The defendant has by affidavit responded in a manner so equivocal and evasive that we believe his assertions are entitled to little weight. In essence, defendant in his counteraffidavit simply denies there are any customers who belong exclusively to any particular seller; denies he has competed by selling to customers established by plaintiff, and denies he has taken from plaintiff customers who purchased exclusively from Thermorama. In effect, his counsel argues that even if defendant has solicited plaintiff's customers or has sold to other dealers garments also handled by plaintiff these acts do not in law or fact constitute competition within the meaning of the agreement.

In the absence of findings or a memorandum we have no way of knowing whether the trial court's order was based on a determination that as a matter of fact there were no violations which resulted in irreparable damage, or whether the court found the agreement invalid as a matter of law.[1] While this court is ordinarily loath to disturb a discretionary order issuing or withholding a temporary injunction,[2] we are of the opinion that the plaintiff has made a sufficient prima facie showing, inadequately rebutted, to require the granting of affirmative relief. The evidence of irreparable harm is not strong but there is inherent in a situation of this kind damage which is not susceptible of precise proof. If defendant has not breached the terms of his agreement, he suffers little detriment by the

---

[1]The Menter Co. v. Brock, 147 Minn. 407, 180 N. W. 553, 20 A. L. R. 857; Standard Oil Co. v. Bertelsen, 186 Minn. 483, 243 N. W 701; Heflebower v. Sand (D. Minn.) 71 F. Supp. 607; Restatement, Contracts, § 516(f), *comment h*.

[2]Minn. St. 585.02; Minneapolis Elec. Lamp Co. v. Federal Holding Co. 161 Minn. 198, 203, 201 N. W. 324, 326.

issuance of the injunction. On the other hand, if he is in violation, plaintiff may well lose a number of customers for whom it has not had a fair opportunity to compete, and may forfeit as well future benefits which are difficult to evaluate. Under these circumstances we think some irreparable harm may be inferred.[3]

There is pending between the parties a separate action for damages, and we feel it appropriate to observe that our decision does not constitute an adjudication of the facts which will be litigated in that lawsuit or in the ultimate trial if any of this action. Suffice it to say that on the evidence before us we are of the opinion that a violation of the agreement has been demonstrated and that a temporary injunction should have been issued without prejudice to subsequently relitigating the facts and the law with respect to both the breach of contract and the validity of the provisions to which we have alluded.[4]

The matter is therefore reversed with directions to enter an appropriate order temporarily enjoining defendant from violating the employment contract with plaintiff until there has either been an adjudication on the merits or the restrictive covenants have expired by their terms, whichever event first occurs.

Reversed and remanded.

---

[3]Granger v. Craven, 159 Minn. 296, 302, 199 N. W. 10, 13, 52 A. L. R. 1356; Lakeside Oil Co. Inc. v. Slutsky, 8 Wis. (2d) 157, 168, 98 N. W. (2d) 415, 422.

[4]No hard-and-fast rule can be formulated with respect to what constitutes a valid restrictive covenant. Each case depends to some extent on the relationship of the particular parties. One test is whether the covenant affords the employer adequate protection without at the same time working an undue hardship on the employee. In the case at hand, what now appears in the record to be a reasonable restriction may ultimately prove to be inequitable when all of the facts and circumstances have been fully developed. We intimate no opinion in this connection, however. National Benefit Co. v. Union Hospital Co. 45 Minn. 272, 276, 47 N. W. 806, 807, 11 L. R. A. 437; see, also, Annotations, 41 A. L. R. (2d) 15 and 43 A. L. R. (2d) 94.