## CHICAGO AVENUE FLORAL COMPANY, INC. v. KEITH TRAXLER.

169 N. W. (2d) 220.

June 20, 1969—No. 41401.

*Richard J. Haertzen, Michael C. Callinan,* and *Callinan, Raidt, Haertzen & Ramier,* for appellant.

*Jerome S. Rice* and *Fredrikson, Byron & Colborn,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Appeal from an order granting a temporary injunction prohibiting defendant from calling upon or contacting customers of plaintiff in claimed violation of a covenant not to compete contained in a written employment contract.

Viewing the pleadings, affidavits, and oral testimony in the light most favorable to the plaintiff, as we must, it appears that plaintiff, a company engaged in the wholesale marketing of foliage, plants, and other horticultural products, hired defendant as a truckdriver route salesman on October 31, 1966. His duties were to call upon and sell plaintiff's products to retailers located on variable assigned routes. On September 22, 1967, the parties executed a "Route Salesman-Employment Agreement," which expressly assigned defendant the so-called "Rochester" route plus some out-of-state municipalities, and which included the following provision:

"Salesman agrees that he will not, during the period of his employment and for a period of one year after his employment is terminated by either party for any reason whatsoever, directly or indirectly for himself or any other person, firm, corporation or association, engage or be employed in competition with Employer in a line of business which is the same as or similar to that in which he is employed hereunder, in any territory or over any route to which Salesman is or has been assigned by the Employer."

On October 22, 1967, defendant terminated his employment with plaintiff and was thereupon hired as a route salesman by his former supervisor, who had left plaintiff and joined Minnesota Plants, Inc., a direct competitior of plaintiff. By December 4, 1967, defendant had begun soliciting customers on the Rochester route whom he had called upon while in plaintiff's employ.

Plaintiff instituted an action for a declaratory judgment to

enforce the restrictive covenant of the written agreement and moved for a temporary injunction during the pendency of the action. On February 14, 1968, plaintiff obtained a temporary restraining order prohibiting defendant from calling upon former customers in Minnesota. The trial court then requested oral testimony on plaintiff's motion. At the hearing, defendant presented testimony directed at his claims that he was coerced into signing the agreement; that if binding, plaintiff breached it, entitling defendant to rescind; and that in any event, the restrictive covenant is unreasonable as to time and area and therefore unenforceable. In contrast, plaintiff sought to establish that the agreement was voluntary and binding and that it was suffering irreparable harm from loss of business because of defendant's activities.

The court made findings to the effect that the agreement was entered into voluntarily and that defendant's activities caused, and will cause, irreparable harm to plaintiff. Upon plaintiff's filing a bond, a temporary injunction issued prohibiting defendant from calling upon or contacting former customers on the Rochester route in Minnesota. Defendant filed an answer in the main action asserting the defenses alluded to, and also counterclaiming for damages resulting from the allegedly unlawful restraints imposed upon him since February 14, 1968. Without seeking an immediate trial on the merits, defendant perfected this appeal, contending that the issuance of the temporary injunction was an abuse of discretion.

While the record gives the impression that plaintiff's motion for temporary relief was tried as though the issues raised by the complaint were to be adjudicated on the merits, a hearing on such a motion does not have that effect. The court's findings and the relief granted in no way foreclose defendant from fully litigating each of his defenses to plaintiff's complaint, as well as establishing his right to recover on his counterclaim, in a trial on the merits. Village of Blaine v. Independent School Dist. No. 12, 265 Minn. 9, 121 N. W. (2d) 183. Neither the trial court nor this court

is called upon in this proceeding to finally adjudicate the issues raised, including the legality of the restrictive covenant. It is fundamental law that a reviewing court will not disturb a discretionary order granting a temporary injunction unless it clearly appears that it is without evidentiary support or that the applicant as a matter of law is not entitled to such relief. See, Thermorama, Inc. v. Buckwold, 267 Minn. 551, 125 N. W. (2d) 844. See, also, Dahlberg Brothers, Inc. v. Ford Motor Co. 272 Minn. 264, 137 N. W. (2d) 314. This appeal presents only the question of whether plaintiff made a sufficient prima facie showing to entitle it to temporary relief. Based upon the record, we are compelled to conclude that the trial court did not abuse its discretion in granting the temporary injunction issued.

Affirmed.