CRAIG THOMPSON, A MINOR, BY WALLACE A. THOMPSON, HIS GUARDIAN AD LITEM, v. RICHARD BARNES AND OTHERS.

200 N. W. 2d 921.

September 8, 1972—No. 43548.

*Wallace A. Thompson,* for appellant.

*LeVander, Zimpfer & Tierney* and *Bernhard W. LeVander,* for respondent Minnesota State High School League.

PER CURIAM.

Plaintiff, Craig Thompson, a student at Winnebago High School, which is a member of defendant Minnesota State High School League, was suspended for 1 year from all interscholastic activities sponsored by defendant League because of his admitted violation of the broad language of the League's alcohol rule.[1] Plaintiff brought an order to show cause why the enforcement of the rule should not be temporarily enjoined until the merits of his complaint seeking a permanent injunc-

---

[1] The League is an association of 485 public high schools in the State of Minnesota and is a member of the National Federation of State High School Associations. The affairs of the League are managed by its 13-member board of directors and the League has adopted rules for the purpose, among other things, of governing standards of competitive athletics between member schools. See, Brown v. Wells, 288 Minn. 468, 181 N. W. 2d 708 (1970); Revised Constitution of the Minnesota State High School League, art. 1, § 2, the Forty-Ninth Annual Official Handbook, p. 34 (1971-1972) (hereafter called Official Handbook).

As we read the handbook, the League sponsors and sets rules for interscholastic games and eligibility requirements for students for football, basketball, hockey, baseball, track, wrestling, swimming, gymnastics, skiing, cross country, golf, tennis, soccer, curling, debate, speech, and music. Craig Thompson was suspended from participating in any of those activities for 18 weeks for his first violation of the following rule: "A student shall not use or have possession of a beverage containing alcohol during the school year or during the season of practice or play, regardless of the quantity.

"1. Students violating this rule shall be suspended from participation in all activities sponsored by the League for eighteen (18) school weeks for the first violation and for one (1) calendar year for all subsequent violations, the suspension to date from the day of the last violation. The period of suspension will be for eighteen (18) school weeks or for one complete school year while the student is actually enrolled in case a student interrupts his education during the period suspended." Athletic Rules for Boys, art. 1, § 13, part A., Official Handbook, p. 65.

tion to enjoin the enforcement of the alcohol rule were determined. The district court denied relief in the form of an order granting summary judgment for defendant League and denying plaintiff's motion for temporary injunction and for summary judgment in his favor.

Plaintiff has appealed from this order. Because an order denying summary judgment is not appealable as of right, we are compelled, upon the wholly unsatisfactory record submitted, to treat plaintiff's appeal as one of right from an order denying a temporary injunction. Under the circumstances and upon the record before us, we cannot hold the trial court abused its discretion in denying temporary relief and accordingly affirm.

Craig Thompson had participated in interscholastic football, wrestling, and golf at Winnebago High School. On September 6, 1970, while a sophomore, he had been suspended for 18 weeks from all interscholastic events sponsored by the League for violating the League alcohol rule. The next year, on September 13, 1971, Craig, with a friend, removed a partially-filled bottle of whiskey from some grass behind Craig's home and carried it to his friend's home, where it was hidden in the garage. In some manner not made a part of the record, the boys' conduct was reported to the police. On the next day, a local police officer confronted Craig's friend concerning the whiskey. Admitting possession, he produced the bottle, which was taken to the office of the superintendent of Independent School District Number 225. Mr. Barnes, the Winnebago High School principal and athletic director, was summoned and Craig was called out of class. Upon questioning, Craig admitted his involvement with the whiskey. Craig's father was notified and arrived at the school while this questioning took place. Later that day, after Craig's father had left, Craig signed a written statement and was notified that he was suspended from participating in League-sponsored activities for one year—the penalty provided for a second violation of the alcohol rule. Craig was 16 years old and was a junior at the time of the incident. The suspension thus originally extended into the first weeks of his senior year.

On September 21, 1971, an appearance by Mr. Thompson and Craig before Mr. Barnes and the head football coach was granted at the request of Mr. Thompson.[2] The suspension was then appealed to the

---

[2] Constitution, art. 7, § 2, para. G, Official Handbook, p. 45, provides: "A student or parent contesting a school's failure to certify eligibility of a student shall be requested to state the basis of the claim to eligibility in writing, addressed to the school principal, who then shall, if requested by such claimant, be granted an oral hearing upon two days

directors of the League.[3] A hearing before the board of directors was held on October 1, 1971. Craig's parents appeared on his behalf and Mr. Thompson also acted as his legal counsel. Mr. Barnes also appeared and some affidavits and documents were submitted. On October 6, 1971, the board issued its findings and conclusions affirming Craig's suspension.[4] On October 11, 1971, Craig's parents unsuccessfully pleaded their son's cause before the Winnebago Board of Education.

Mr. Thompson, acting as guardian ad litem, then brought an action at the end of October 1971, seeking a temporary and permanent injunction to restrain enforcement of the alcohol rule against his son. Named as defendants were Mr. Barnes; Mr. Eitreim, superintendent of Independent School District Number 225, which was also named; and the Minnesota State High School League and its executive secretary, Mr. Freng. Also, upon Mr. Thompson's motion, these defendants were ordered to show cause why they should not be temporarily enjoined from enforcing the suspension and why Craig should not be temporarily restored to full participation in interscholastic events until the matter was fully heard and determined. On November 9, 1971, the temporary

---

written notice to the claimant. Such hearing shall be held in the presence of the coach or instructor involved. A written statement of the decision and basis therefor shall be prepared by the principal and a copy forwarded within three days after such hearing to the claimant. If the claimant is dissatisfied, he may appeal the decision in writing to the Board of Directors of the League by giving written notice of the appeal to the principal with a copy, by registered mail, to the League Office. Such appeal shall be taken within ten days after the date of mailing of the school's decision and findings. A copy of the school's decision and findings must accompany the notice of appeal. Five days notice, unless a shorter time is mutually agreeable, shall be given of the time of the hearing. The Board shall consider the evidence presented, including statements by claimant's legal counsel, and make written findings of its decision and the basis in fact therefor, mailing copies forthwith to claimant and the school. The Board's decision shall be final. The Board may delegate the taking of testimony and making recommendations for its decision to a hearing referee."

[3] Id.

[4] Their findings indicate that there was no dispute that Craig was in possession of an alcoholic beverage and that he had made no effort to remove himself or disassociate himself from the alcohol or its possession. They therefore concluded that he had violated the League alcohol rule and that the suspension was in order.

injunction sought in the order to show cause came before the district court. Upon affidavits and briefs, the defendants opposed the temporary injunction and moved the court for "summary judgment." Mr. Thompson was allowed to amend his complaint.[5] The matter of the order to show cause why plaintiff should not be granted a temporary injunction again came before the district court on December 13, 1971, at which time plaintiff was again permitted to amend his complaint and upon affidavits and briefs also made an oral motion for "summary judgment." On December 14, 1971, the district court made its order granting summary judgment against plaintiff and denying plaintiff's motions for a temporary injunction and for summary judgment. The district court concluded that the League was authorized to make the rules such as the alcohol rule by Minn. St. 129.12,[6] and that Craig was properly suspended under the rule.

Plaintiff appealed from this order. There is no appeal of right from an order granting summary judgment. See, 3 Hetland & Adamson, Minnesota Practice, pp. 276, 278. However, the district court's order was addressed to and achieved a denial of plaintiff's motion for temporary injunction, and an order denying injunctive relief is appealable as of right.[7]

---

[5] Mr. Freng, upon motion, was dismissed as a defendant.

[6] Minn. St. 129.12 provides: "Subdivision 1. Any school board may join or permit its schools to join any organization, association or league which has as its object the promotion of sport or the adoption of rules and regulations for the conduct of athletic, oratorical, musical, dramatic or other contests by or between school children provided that such organization, association or league provides in its constitution or by-laws that the commissioner of education or as his representative the supervisor of physical and health education shall be an ex-officio member of its governing body with the same rights and privileges as other members of its governing body.

"Subd. 2. The commissioner of education shall make a report to the legislature on or before each regular session thereof as to the activities of any such organization, association or league of which he is an ex-officio member and shall recommend to the legislature whether any legislation is made necessary by such activities."

[7] Rule 103.03(f), Rules of Civil Appellate Procedure. Our limiting review to a consideration of the denial of a temporary relief alone is required not only by appellate procedure but also by the record submitted. This court was not presented with a complete transcript of the two hearings before the district court concerning the order to show

The lower court's ruling on a motion for a temporary injunction pursuant to Minn. St. 585.02 [8] is largely an exercise of judicial discretion and the sole issue on appeal to this court is whether there was a clear abuse of such discretion by the trial court disregarding either the facts or the applicable principles of equity. [9]

Temporary injunctive relief should be granted when it is apparent that the rights of a party will be irreparably injured before a trial on the merits is reached or where it is shown that the relief prayed for in the main action will be ineffectual or impossible to grant. The conduct sought to be enjoined must threaten real, substantial, and irreparable injury to a party's rights and such injury should tend to make the ultimate judgment sought in his favor ineffectual. The trial court must balance the relative harm to the parties involved by the allowance or

cause why a temporary injunction should not issue. The record supplied us is at best vague as to the scope of those hearings. But the League's brief submitted to the district court was a memorandum of law and arguments opposing temporary relief and, as we interpret the explicit language of the district court in its order, the sole matter considered by the lower court was the propriety of issuing a temporary injunction pursuant to the order to show cause.

[8] Minn. St. 585.02 provides: "When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief consists wholly or partly in restraining the commission or continuance of some act which, if permitted during the litigation, would work injury to the plaintiff, or when during the litigation it appears that the defendant is about to do, or is doing, or threatening, procuring, or suffering to be done, some act in violation of plaintiff's rights respecting the subject of the action, and tending to make the judgment ineffectual, a temporary injunction may be granted to restrain such act. Where, during the pendency of an action, it appears by affidavit that the defendant threatens or is about to remove or dispose of his property, with intent to defraud his creditors, a temporary injunction may be granted to restrain such removal or disposition."

[9] Cramond v. AFL-CIO, 267 Minn. 229, 126 N. W. 2d 252 (1964); Seward v. Schrieber, 240 Minn. 489, 62 N. W. 2d 48 (1953); Chicago Avenue Floral Co. Inc. v. Traxler, 284 Minn. 28, 169 N. W. 2d 220 (1969); Village of Blaine v. Independent School Dist. No. 12, 265 Minn. 9, 121 N. W. 2d 183 (1963); Independent School Dist. No. 35 v. Engelstad, 274 Minn. 366, 144 N. W. 2d 245 (1966); Hotel & Restaurant Employees' Union v. Tzakis, 227 Minn. 32, 33 N. W. 2d 859 (1948).

disallowance of such relief. Cramond v. AFL-CIO, 267 Minn. 229, 126 N. W. 2d 252 (1964).[10]

The party seeking such temporary relief has the burden of making, by verified pleadings and affidavits, a prima facie showing to require the granting of affirmative relief. Independent School Dist. No. 35 v. Engelstad, 274 Minn. 366, 144 N. W. 2d 245 (1966); Thermorama, Inc. v. Buckwold, 267 Minn. 551, 125 N. W. 2d 844 (1964). Considering the contents of plaintiff's verified complaint and affidavits as they were presented to the district court, they at most establish that Craig was in previous school years a member of certain athletic teams at Winnebago High School and that the suspension allegedly placed him in public ridicule and jeopardized his standing and reputation in the community. There were no affidavits submitted establishing that Craig would probably have otherwise competed during the period of suspension or specifically in what way denial of participation in League-sponsored athletic events would cause irreparable injury to Craig pending trial on the merits. Nor was his standing in the community established so that any possible adverse effect could be evaluated by the trial judge as to whether such harm to his reputation amounted to substantial and irreparable injury. Also absent was any allegation or affidavit to the effect that the permanent injunction sought in the main action was insufficient to protect Craig's status in interscholastic activities or in the community. The lower court cannot enjoin temporarily on the mere assumption of a possible result, Independent School Dist. No. 35 v. Engelstad, *supra,* and viewing plaintiff's amended complaint and affidavits, we cannot rule that plaintiff met his burden. Therefore, the lower court did not abuse its discretion in denying the relief sought, particularly in light of defendant's allegation of the potential harm that a temporary injunction would engender by placing a cloud over its ef-

---

[10] See, also, Dahlberg Brothers, Inc. v. Ford Motor Co. 272 Minn. 264, 274, 137 N. W. 2d 314, 321 (1965); Town of Burnsville v. City of Bloomington, 264 Minn. 133, 117 N. W. 2d 746 (1962); Independent School Dist. No. 35 v. Engelstad, *supra*; Schmidt v. Gould, 172 Minn. 179, 215 N. W. 215 (1927); Williams v. Rolfe, 257 Minn. 237, 101 N. W. 2d 923 (1960); J. F. Quest Foundry Co. v. International M. & F. W. Union, 216 Minn. 436, 13 N. W. 2d 32 (1944); Village of Blaine v. Independent School Dist. No. 12, *supra.* And, see, *Developments in the Law—Injunctions,* 78 Harv. L. Rev. 994, 1056.

forts otherwise to enforce its eligibility rules pending a final decision on the merits in this case.[11]

Only one conclusion of law made by the trial court, that Minn. St. 129.12 authorized the League's alcohol rule, could be considered as reaching the complex issues raised either directly or inferentially by plaintiff's amended complaint.[12] By their briefs and arguments presented to this court, the parties desire us to treat the order for summary judgment denying the temporary injunction as an adjudication

[11] In light of the brief and oral argument presented to this court by plaintiff, if we were to take the most liberal view of plaintiff's pleadings and affidavits and assume that the suspension deprived Craig of expected participation in interscholastic activities, which is today recognized (as did defendants in their oral argument) as an important and integral facet of the youth's education process, see, Bunger v. Iowa High School Athletic Assn. 197 N. W. 2d 555 (Iowa 1972); Kelley v. Metropolitan County Bd. of Ed. of Nashville and Davidson County, 293 F. Supp. 485 (M. D. Tenn. 1968), we would serve no useful function by reversing the lower court and issuing a temporary injunction at this time. We have been advised that, while this appeal was pending and before oral argument, the Representative Assembly of the Minnesota State High School League on March 24, 1972, amended the suspension period for a second violation of the alcohol rule to 18 school weeks. The Minnesota State High School League Bulletin, Vol. XLVI, No. 9, May 1972, p. 18. It was further resolved that the amendment was to go into effect on July 1, 1972, and that if a student's previous penalty would have extended into the 1972-1973 school year, as did Craig's, and if that student served more than 9 weeks of that suspension time as of the end of the 1971-1972 school year, as did Craig, then that student would be eligible for League-sponsored interscholastic activities as of July 1, 1972. Letter of May 22, 1972, from the League office to all member schools. Therefore, as we understand the League's announcement of May 22, 1972, Craig is no longer under suspension and is eligible for athletics this fall. Thus, the issue of plaintiff's right to a temporary injunction against enforcement of the alcohol rule appears, from every practical standpoint, to be now, and to have been when this appeal was presented, moot.

[12] In its one-line memorandum, the district court stated that it considered the denial of temporary relief controlled by Brown v. Wells, 288 Minn. 468, 181 N. W. 2d 708 (1970). Notably, the issue of authorization was not directly decided in Brown, 288 Minn. 470, note 1, 181 N. W. 2d 709, nor was the alcohol rule before that court.

536

of all issues conceivably raised by the pleadings. While the oral assurances of counsel insist that the issues of the League's authority and the reasonableness of the rule and other issues were presented and considered on the merits at the hearing upon the order to show cause, the application for temporary equitable relief is addressed to the judicial discretion of the lower court, and its order of denial could not on this record be considered as an adjudication on the merits. Ordinarily, neither a lower court nor this court is called upon in such a proceeding to adjudicate finally the issues raised in the complaint, and denying a temporary injunction neither establishes the law of the case nor constitutes an adjudication on the merits of the issues raised in the complaint. Chicago Avenue Floral Co. Inc. v. Traxler, 284 Minn. 28, 169 N. W. 2d 220 (1969); Independent School Dist. No. 35 v. Engelstad, *supra;* Village of Blaine v. Independent School Dist. No. 12, 265 Minn. 9, 13, 121 N. W. 2d 183, 187 (1963).[13]

However much the parties and this court are desirous of resolving the issues sought to be raised, a reviewing court must limit itself to a consideration of only those issues which the record shows were, or had to be, presented and considered by the trial court in deciding the matter before it. Try as we have, we are unable on this impossible record to reach the merits of any other issue than plaintiff's right to a temporary injunction without engaging in (1) pure speculation as to what issues the trial court resolved in reaching its decision; (2) consideration of issues not raised or argued by the parties on appeal; and (3) shifting the proceeding from one seeking temporary relief to one seeking a declaratory judgment.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[13] See, also, Lende v. Canby Hereford Farms Co. 177 Minn. 318, 225 N. W. 150 (1929); Chicago G. W. Ry. Co. v. Chicago, B. & Q. R. Co. 193 F. 2d 975 (8 Cir. 1952); Chicago, B. & Q. R. Co. v. Chicago G. W. Ry. Co. 190 F. 2d 361 (8 Cir. 1951); and, see, Minneapolis & St. L. Ry. Co. v. Pacific Gamble Robinson Co. 181 F. 2d 812, 814, 815 (8 Cir. 1950).