LOCAL 34, STATE, COUNTY AND MUNICIPAL
EMPLOYEES AND OTHERS v.
COUNTY OF HENNEPIN AND OTHERS.
FLOUR EXCHANGE BUILDING, INC.,
AND OTHERS, THIRD-PARTY DEFENDANTS.

246 N. W. 2d 41.

September 17, 1976—No. 45282.

284

*Harry H. Peterson* and *Norris J. Skogerboe,* for appellants.

*Gary W. Flakne,* County Attorney, and *David E. Mikkelson* and *Donald J. Lalor,* Assistant County Attorneys, for respondent county.

Heard before Rogosheske, Todd, and Breunig, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Local 34, State, County, and Municipal Employees of American Federation of State, County, and Municipal Employees, AFL-CIO, and two county employees brought an action against Hennepin County, certain county officials, and certain county supervisory employees to enjoin the county from assigning its employees to space it had leased in the Flour Exchange Building. Plaintiffs alleged that the building was unsafe and did not conform to the city building code and certain statutes. Defendants brought in as third-party defendants the lessor, Flour Exchange Building, Inc. (hereafter Exchange), the president and treasurer of Exchange, the city of Minneapolis, its fire department, and other city employees.

Prior to trial, in March 1972, the parties entered into a stipulation in which Exchange agreed to make specified repairs and modifications in the building. The court thereupon issued an

order staying further proceedings pending the completion of the work. Several months later plaintiffs filed a notice of motion for reinstatement of the action because Exchange had failed to comply with the stipulation. Thereafter the parties entered a second stipulation, dated November 10, 1972, in which Exchange agreed to complete the required work by February 1. This stipulation also provided that if Exchange failed to complete the stipulated work by that date, plaintiffs could move for entry of judgment against Exchange based on their complaint unless the court should determine that the failure to complete the work was "due to circumstances beyond the control of" Exchange.

After execution of the amended stipulation, a new lease was entered into by Hennepin County and Exchange on November 17, 1972, which contained the following term:

"As an express condition of this lease based on advance rental payment made by the Lessee [Hennepin] to the Lessor [Exchange], the Lessor agrees to complete all remodeling work by February 1, 1973. The Lessor agrees that if the remodeling work cited in the * * * Stipulation is not completed in accordance with code authority standards by February 1, 1973, the Lessee is entitled to damages of $200.00 per day or $1,400.00 per week for each day or week the remodeling is not completed and/or not accepted by code authority. These damages may be withheld by the Lessee from the following month's rental payment due the Lessor from the Lessee."

The lease also provided:

"Lessor and Lessee hereby agree that the penalty clause contained herein assessing damages against the Lessor in the amount of $200.00 per day or $1,400.00 per week for the non-completion and/or non-acceptance of certain remodeling work will be assessed against Lessor only in the event of willful negligence or failure of Lessor to diligently proceed with its obligations to perform the remodeling. The penalty shall not be assessed against Lessor if said remodeling is not completed by

February 1, 1973 due to circumstances beyond the control of Lessor including, but not limited to failure of contractors to perform on schedule, strikes, or other labor disputes which may cause interruptions or suspensions of the remodeling work, inclement weather which would preclude work outside or which of itself might cause damage to the improvements to be constructed, or acts of God."

It is not disputed that Exchange had not completed the work specified by the stipulation and lease by the designated date. Therefore, pursuant to the stipulation and lease, Hennepin County brought a motion to have penalties assessed against Exchange. Following receipt of evidence, the trial court issued its findings of fact, conclusions of law, and order for judgment for Hennepin County against Exchange in the amount of $24,000. Exchange appeals, making the following assignments of error:

(1)  The liquidated damages provision of the lease applied only in the case of Exchange's *willful* failure to complete its remodeling obligations.

(2)  The evidence was not sufficient to support the trial court's finding that Exchange did not diligently proceed to perform its remodeling obligations.

(3)  The evidence was not sufficient to support the trial court's conclusion that Exchange's delay in fulfilling its remodeling obligations was not excused by reason of circumstances beyond its control.

(4)  Hennepin County's granting of permission to Exchange to continue its performance of the remodeling work beyond the stipulated date for completion thereof constituted a waiver by Hennepin County of its right to sue Exchange for damages for such delay.

(5)  The liquidated damages provision in the lease was an unenforceable penalty clause.

■  Exchange's contention that its conceded delay in performance is not sufficient to invoke the liquidated damages provision because such delay was not willful is not meritorious. The

governing language in the lease states that the $200 damages "will be assessed against Lessor [Exchange] only in the event of *willful negligence or failure of Lessor to diligently proceed* with its obligations to perform the remodeling." (Italics supplied.) Exchange apparently assumes that the word "willful" in the foregoing phrase applies to both the negligence and the failure-to-diligently-proceed portions of the disjunctive phrase. The trial court apparently construed the "willful" as modifying only the first half of the disjunctive, since it based its award of damages on its "specific finding of fact that [Exchange] did not diligently proceed", not that Exchange *willfully* failed to diligently proceed. We are in accord with this construction of the liquidated damages clause.

■ We have carefully examined the evidence and conclude that the trial court's determination that Exchange did not diligently perform its obligations is more than adequately sustained by the record and is not clearly erroneous. Exchange through one of its officers acted as its own general contractor. It failed to advise its architects or subcontractors of the time limitation imposed by the stipulation. It failed to impose provisions in its subcontracts providing for completion of the work by the time specified. It failed to submit plans until the time specified for completion of the work. These facts and others introduced into evidence illustrate a general lack of planning and organization which support the trial court's determination of lack of diligence.

■ Exchange's contention that its delay was due to circumstances beyond its control is not supported by the record. We have carefully reviewed the evidence relied upon by Exchange and conclude that all the circumstances which it contends were beyond its control were actually occasioned by its failure to diligently pursue its obligations and to competently organize its remodeling program. The trial court's determination on this issue is not clearly erroneous.

■ We find no merit in Exchange's contention that Hennepin County has waived its claim to damages by allowing the work

to proceed beyond the time specified for completion. Exchange's promise to perform by the stipulated date was not a condition precedent to the maturing or continuance of any other obligation under the lease. Rather, it was a separate covenant for breach of which the promisee can collect damages without affecting any other agreement between the parties. See, Calamari & Perillo, Contracts, § 143; 3A Corbin, Contracts, § 633.

■ Exchange seeks to raise on appeal for the first time the question of whether the damage provision in the lease is in effect an unenforceable penalty which does not accurately reflect the harm caused by Exchange's breach. We have held on numerous occasions that we will consider on appeal only those issues raised by the pleadings or litigated by consent in the trial court below. Thompson v. Barnes, 294 Minn. 528, 200 N. W. 2d 921 (1972); 1B Dunnell, Dig. (3 ed.) § 384(1)(2). We decline to pass on this claim, but note that under the facts and circumstances of this case it appears to be without merit.

Affirmed.

MR. CHIEF JUSTICE SHERAN and MR. JUSTICE SCOTT took no part in the consideration or decision of this case.