Charles Anthony BIRD, on behalf of Medical Investment Corporation, Respondent,

v.

Arthur M. WIRTZ, et al., Appellants.

No. 48585.

Supreme Court of Minnesota.

March 31, 1978.

Maun, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Lawrence J. Hayes, Albert A. Woodward, M. Michael Monahan, Gislason,

Dosland, Malecki, Gislason & Halvorson, and Robert M. Halvorson, New Ulm, for appellants.

Robins, Davis & Lyons, Harding A. Orren, Sidney S. Feinberg, and Andrew W. Horstman, Minneapolis, for respondent.

Heard before KELLY, TODD and WAHL, JJ., and considered and decided by the court en banc.

## PER CURIAM.

Plaintiff, Charles Anthony Bird, a minority shareholder of defendant Wirtz Productions, Ltd. (formerly Medical Investment Corporation), instituted a shareholder suit alleging that defendants breached their fiduciary duties as directors, officers, and/or majority shareholders of Wirtz Productions, Ltd., and committed fraud in connection with certain transactions between Wirtz Productions, Ltd., and corporations owned or controlled by defendant Arthur M. Wirtz. Subsequent to the filing of the complaint Wirtz Productions, Ltd., entered into an Agreement and Plan of Merger whereby the majority shareholder of Wirtz Productions would become its sole shareholder and the interests of minority shareholders would be eliminated, i. e., "cashed out," upon payment of $3.75 per share for their stock. Plaintiff then moved the district court for an order temporarily enjoining the proposed merger and granting plaintiff leave to file a supplemental complaint seeking, in addition to damages, permanent injunctive relief. The district court granted plaintiff's motion. This appeal is from the district court's order granting temporary injunctive relief pending a trial on the merits. We affirm.

The only issue on this appeal is whether there was a clear abuse of discretion on the part of the trial court in granting temporary injunctive relief. *Thompson v. Barnes,* 294 Minn. 528, 533, 200 N.W.2d 921, 925 (1972). On the basis of the record before us we are unable to say that the trial court clearly abused its discretion, particularly since plaintiff has filed a bond and we have received oral assurances that the trial on the merits has been expedited. We note

that neither our action today nor the trial court's action establishes the law of the case or constitutes an adjudication on the merits of the issues raised in plaintiff's complaint. *Chicago Avenue Floral Co., Inc. v. Traxler,* 284 Minn. 28, 169 N.W.2d 220 (1969).

The district court's order is affirmed.

PETERSON, J., took no part in the consideration or decision of this case.