Harlan M. WILSON, et al., Appellants,

v.

Norris J. SKOGERBOE, et al., Defendants,

Elaine B. Hyk, Respondent.

No. C4–87–879.

Court of Appeals of Minnesota.

Nov. 3, 1987.

Wayne A. Pokorny, Excelsior, for appellants.

Robert W. Dygert, Dygert & Dygert, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and RANDALL and STONE *, JJ.

## OPINION

POPOVICH, Chief Judge.

Appeal is taken from the trial court's order confirming sale of real estate in a partition action. We affirm.

## FACTS

This matter has a long history of litigation (over 13 years) and has been before the Minnesota Supreme Court and this court.

The present appeal arises from the district court's order confirming the sale of real estate in a partition action. The property consists of approximately a 14.4 acre site improved with a single family home and several outbuildings. Of the 14.4 acres, approximately 8.4 are wetlands, consequently unbuildable. The property is presently zoned as residential (R–1, single family). The interest being sold is the vendee's interest in a contract for deed. The property is subject to liens and claims in excess of $130,000. The sale was recommended by a court-appointed referee.

When before the court of appeals previously, it was an appeal from amended findings of fact, conclusions of law and interlocutory decree, issued in May 1985. The trial court was affirmed in part, reversed in part and remanded for entry of a lien in favor of respondent in an amount different from that originally awarded and for determination and award of prejudgment interest. *Wilson v. Skogerboe,* 379 N.W.2d 696 (Minn.Ct.App.1986).

On remand, the trial court ordered the following paid out of proceeds: (1) contract for deed with interest; (2) tax reimbursement due fee owner; (3) balances due on two mortgages; (4) equitable lien pursuant to court of appeals order in favor of re-

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

spondent; (5) taxes, current and delinquent; (6) referee's expenses.

In February 1987, a court-appointed referee filed a report of sale which stated in part:

> Subject to confirmation by this court, the referee has agreed to sell the property to * * * the fee owner and holder of the contract for deed and mortgages on the property for a *cash consideration of $131,000* upon the following terms:
>
> a. The liens * * * will be paid or satisfied by [Buyer], who will be given credit against the purchase price for the amounts therein stated.
>
> b. The balance of the purchase price will be paid to the referee in cash at the date of closing * * *. The amount of said payment will be approximately $41,452.51, depending on final determination of the exact amount of unpaid special assessments on the property.
>
> c. [Buyer] will accept a referee's deed upon confirmation of the sale by the court.
>
> The *cash balance* will be distributed by the referee in the following manner:
>
> a. The sum of $5,000 will be paid to the referee in full payment of all of his fees and expenses.
>
> b. *The sum of $33,805.10 will be paid to [respondent] in full payment of her equitable lien.*
>
> c. *The balance of the proceeds will be paid ⅓ to [respondent] and the other ⅔ will be applied to the payment of the judgments against the [appellants],* in the order of their docketing and to the extent funds are available for that purpose.
>
> The sale herein reported is the best offer for the property received by the referee, after diligent efforts to sell the property and after having shown the property to numerous prospective buyers.

(Emphasis added).

An order to show cause required all interested parties to show cause why the court should not make its order confirming the sale and directing the referee to convey the property, collect proceeds, and distribute them in the manner set forth in the report. On the hearing date, appellants' counsel requested a two-week continuance stating he would have a better offer than the one received by the referee.

Prior to the hearing, appellants' counsel presented to the referee a proposed purchase agreement. The day before the hearing, the referee signed a supplemental report of sale describing appellants' proposal. In the report the referee stated:

> The only sale that the referee has that meets the terms of the court's prior order is the sale to Wood Investments. The proposal to purchase by Wood Investments expires April 1, 1987. Under these circumstances the referee recommends that the sale to Wood Investments be confirmed.

Appellants' offer of $171,600 was found to be unacceptable by the referee and rejected by the court. The purchase agreement provided for $5000 down and $33,000 at date of closing and a warranty deed. On the other hand, the $131,000 offer from Wood Investments was a cash offer enabling the referee to pay off all encumbrances, discharging his duties under the order, and to take title "as is."

In its order dated April 8, 1987, the trial court said:

> The Court did not consider the G.G. Inc. bid (for $171,600) credible even though the overall bid was $40,000 greater than the cash bid of Wood Investments. There is no provision for paying charges against the property as ordered in the Interlocutory Decree. The Court would be remiss to leave these payments unpaid until the G.G. Inc. decided to pay them, if ever.
>
> Testimony was given that none of the principals of G.G. Inc. would guarantee the payment of the total selling price.

Appellants moved for reconsideration of its order confirming sale of real estate. Accompanying appellants' motion was an affidavit of appellants' attorney which challenged the validity of two appraisals of the real estate at issue submitted to the court by court-appointed appraisers. *See* Minn.

Stat. § 558.17 (1986). Appellant accuses the appraisers of "hiding material facts" and misleading the court. He also accuses respondent's attorney, the referee and one of the appraisers of "acting in concert and deliberately hiding" information from appellants.

In response, respondent filed an affidavit in opposition of reconsideration and addressed both appraisers' qualifications. The trial court denied appellants' motion for reconsideration and reinstated its order confirming sale of real estate.

Appellants' motion to vacate the order confirming sale of real estate on the basis of newly discovered evidence was denied based upon appellants' failure to submit newly discovered evidence at the hearing and lack of jurisdiction because of the pendency of an appeal to this court.

Respondent moved this court to strike parts of appellants' appendix because documents reproduced in appellants' appendix were never introduced into evidence, filed in court or in any other way made part of the record.

In response, appellants opposed the motion to strike parts of appendix, stating the need of an evidentiary hearing. We deferred the decision on respondent's motion to strike the documents from appellant's appendix to the panel considering the merits of the appeal.

Appellants' reply brief and appendix alleges fraud committed by respondent "with active participation of the court appointed trustee * * * by deliberately and intentionally misleading the Trial Court into issuing the order appealed from."

## ISSUE

Did the trial court abuse its discretion in confirming the sale of real estate reported and recommended by its court-appointed referee?

## ANALYSIS

1. The trial court thoroughly stated its findings in its order confirming sale of real estate.

Pursuant to Minn.Stat. § 558.17, the trial court appointed two disinterested and qualified people as appraisers. Section 558.17 provides in its entirety:

> The sale may be by public auction to the highest bidder for cash, upon published notice in the manner required for the sale of real property on execution. The notice shall state the terms of the sale; and if the property, or any part of it, is to be sold subject to a prior estate, charge, or specific lien, the notice shall so state. The terms of sale shall be made known at the time thereof, and, if the premises consist of distinct farms or lots, they shall be sold separately. The court may, if it be for the best interests of the owners of the property, order such property sold by private sale. *If a private sale be ordered the real estate shall be appraised by two or more disinterested persons under order of the court,* which appraisal shall be filed before the confirmation of the sale by the court. *No real estate shall be sold at private sale for less than its value as fixed by such appraisal.* The court may order sale of real estate for cash, part cash and a purchase money mortgage of not more than 50 per cent of the purchase price, or on contract for deed.

Minn.Stat. § 558.17 (1984) (emphasis added).

The Minnesota Supreme Court has said:

> In stating the character of the land we take, as we ought, the testimony most favorable to a confirmation of the sale.
>
> It may be that a better price should have been had. It may be that a resale was advisable. Still, there is evidence to support the trial court's view; and the trial court is in much better position than this court to apply the evidence and determine whether the sale was a prudent one.

*Grimm v. Grimm,* 190 Minn. 474, 476, 252 N.W. 231, 232 (1934).

Confirmation of the referee's reported sale is clearly within the discretion of the trial court.

2. Appellants' briefs are replete with accusations and allegations of collusion,

fraud, perjury and subterfuge. According to appellants, everyone who does not agree with their position is dishonest. This includes the trial court judge (collusion), respondent's attorney (fraud on the court), respondent (fraud on the court), an appraiser (perjury), the referee (perjury and fraud on the court), a potential buyer (perjury), and the buyer (subterfuge).

Appellants urge this court to require an evidentiary hearing to determine whether fraud has been committed on the court. Respondent asserts there was no fraud nor misrepresentation. After thorough examination of the record, we find none. The trial court responded to appellants' allegations of misconduct in the following statement:

> Oh, another matter I didn't bring up and that is *I've been asked to disqualify myself because of my close relationship* with a tentative buyer as I understand it. I might say that *I saw him the last time in 1939.* I saw him in the Courtroom in Minneapolis and I didn't recognize him. And he was here one day and I said hello, good morning, how are you. We said that to each other and that is the extent of our relationship.

(Emphasis added). This allegation typifies those made by appellants.

3. Appellant's submission to this court of matters not presented to the trial court is improper. The court of appeals limits itself to a consideration of only those issues the record shows were presented and considered by the trial court in deciding the matter before it. *Thayer v. American Financial Advisers, Inc.*, 322 N.W.2d 599, 604 (Minn.1982); *see Thompson v. Barnes*, 294 Minn. 528, 536, 200 N.W.2d 921, 927 (1972).

4. In this matter, appellants' counsel, who is also a party, acted as a witness in violation of rule 3.7 of the Rules of Professional Conduct which states:

> A lawyer shall not act as an advocate at a trial in which the lawyer or a lawyer in the firm is likely to be a necessary witness, except where:
>
> (a) the testimony relates to an uncontested issue;

> (b) the testimony relates to the nature and value of legal services rendered in the case;
>
> (c) disqualification of the lawyer would work substantial hardship on the client; or
>
> (d) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

*Id.*

## DECISION

The trial court's order confirming the sale of real estate is affirmed. Pursuant to Minn.Stat. § 549.21, subd. 2 (1986), the court, based on the foregoing recitals, assesses appellants' counsel personally the sum of $500 payable to respondent.

Affirmed.