## SILAS H. BALDWIN, Plaintiff in Error vs. WM. E. ALLISON, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF DAKOTA COUNTY.

The statute regulating the foreclosure of mortgages by advertisement, (*Stats. of Minn. p.* 644) in providing (Sec. 5) that "every notice shall specify the names of the mortgagor and of the mortgagee, and the assignee, if any," has reference only to such assignments as are the subject of contract, and are made by act of parties. And where a mortgagee had deceased, and the notice of sale was signed by "Silas H. Baldwin, administrator of R. A. Baldwin, mortgagee, deceased," without setting out the death of the mortgagee and the appointment of the administrator—*held* to be sufficient.

The purchase by a trustee, of property of the *cestui que trust*, is voidable at the option of the latter, without showing fraud in fact. But he may also affirm the sale—and if regular in other respects, it cannot be questioned by third parties, on the ground of a purchase by a trustee.

A foreclosure was commenced by an administrator, and the day before the sale he was removed, and a special administrator appointed. The sale was made in pursuance of the notice, and no ob-

jection was made by the special administrator. There being no fraud in fact shown, the sale cannot be avoided by the mortgagor, on the ground of the removal of the original administrator.

Points and authorities of Plaintiff in Error.

*1st.*—A conveyance cannot be set aside in a collateral proceeding; and when a Defendant in ejectment does not deny the title of the Plaintiff, nor allege title in himself, nor any other party under whom he claims, the Plaintiff should recover judgment on the pleadings and proof.

*2d.*—The sale of the mortgaged premises and the foreclosure of the mortgage was regular, and vested the fee in the heirs of the mortgagee. *Public Statutes, page* 438, *Section* 12 *and* 13; *Public Statutes, page* 436, *Section* 18; *Public Statutes, page* 644, *Section* 5, 6, 7, 8, 9 *; 9 New Hampshire Reports,* 168; 12 *New Hampshire Reports,* 165.

Point and authorities of Defendant in Error.

The Court below did not err in rendering judgment for the Defendant.

*First.*—Because the complaint of the Plaintiff does not state facts sufficient to constitute a cause of action.  The Plaintiff's right to recover is based upon his right to the possession of the premises in controversy at the time of the commencement of this action, and the Plantiff's right to the possession of the same depends upon the fact whether the pretended sale of the premises by virtue of the mortgage thereon, was legal; if the foreclosure and sale of the mortgaged premises did not comply strictly with the statutes authorizing foreclosure by advertisement, it amounted to no more and could give the Plaintiff no more right to the possession of the premises than if there had been no attempt to foreclose the same.  *Comp. Stat. Chap.* 77, *Sec.* 12 *P.* 651.

*Second.*—The complaint does not show that said mortgage contained any power of sale.  The mortgage had not been foreclosed, and there had been no legal sale of the premises in question at the time of the commencement of this action.

1.—It is admitted by the pleadings, and found by the Court below, as one of the facts proved, that there was no other notice given of the sale of the premises in question, than the notice,

a copy of which is annexed to the Plaintiff's amended complaint.

2.—It is admitted by the pleadings that Rachel A. Baldwin, the mortgagee, died in said Dakota county previous to the 2d day of March, 1857, intestate; that the Plaintiff on the 2d day of March, 1857, was appointed administrator on her estate by the Probate Court of said county. That previous to the time of said pretended sale, to wit: on the 5th day of March, 1858, the Plaintiff was by an order and decree of said Probate Court removed from the office and trust of administrator on said estate. That the letters of administration previously granted to him were revoked and annulled, and that Lewis Smith was on said 6th day of March, 1858, by an order of the Probate Court appointed special administrator on said estate of which fact the Plaintiff and Sheriff, who pretended to make the sale, had notice, and that said Smith never authorized the sale of said mortgaged premises. The Court in addition to the foregoing facts admitted by the Plaintiff's pleadings, found as one of the facts proved on the trial below, that the Plaintiff appealed from the decision of the Probate Court removing him as administrator, to the District Court for said county, and perfected his appeal within the time directed by law, which was thirty days.

3.—The Court below further finds that the Plaintiff pretended to sell the mortgaged premises as administrator, and purchased the same, not as administrator for the benefit of the estate, but in his own individual capacity.

*Third.*—As conclusions of law upon the facts admitted by the pleadings, and the facts found to be proved by the Court as aforesaid, the Court found:

1.—" That the notice of mortgage sale was insufficient, and not in compliance with the requirements of the statute, in this, to wit: It did not set forth the decease of the mortgagee, Rachel A. Baldwin—the appointment of any administrator or any assignment or transfer of the note and mortgage, in any manner whatever." The notice of sale was insufficient, not being in conformity with the statute, and the Court below did not err in so finding. The statute requires that every notice for the sale of mortgaged premises on foreclosure by advertise-

ment, shall specify the names of the mortgagor and of the mortgagee, and the assignee if any. *Comp. Stat. Chap.* 75, *Sec.* 5, *Page* 644; *Ibid. Section,* 2 *p.* 643.

It makes no difference whether the assignment is made by the act of the parties, or by operation of law, the fact must be set forth in the notice of sale. The death of Rachel A. Baldwin, and the appointment of an administrator on her estate, operates as a legal transfer or assignment of all of her assets to the administrator in trust, and for the benefit of her creditors and heirs.

The notice of sale should have set forth the decease of the mortgagee, and the appointment of the Plaintiff as administrator on her estate. The Court below found as conclusions of law—

2.—"That if the proceedings had been in other respects regular, a sale made by an administrator or executor in his capacity as such, and the property sold, bid in and purchased by him in his individual capacity, is void." Upon this point the Court below did not err.

If this Court holds that the notice of sale was sufficient, and that the Plaintiff had power to sell the premises in question under that notice, he having bid in and purchased the same in his individual capacity, the sale was void, and therefore the Plaintiff obtained no rights under the sale. 4 *Kent Com. p.* 438 *and notes*; 1 *Gil. P.* 458; 11 *Barb.* 356, *Conyer vs. Reny; Pratt vs. Thomaston,* 15 *Shep.* 355; *Heshird vs. Girard,* 4 *How. U. S. R.* 503.

*Fourth.*—The Plaintiff had no power either as administrator or otherwise, at the time said premises were pretended to be sold, to sell the same or authorize any one else to sell the same; he had been removed from the office and trust of administrator on said estate by a court having competent jurisdiction, and his letters of administration were revoked and annulled.

The appeal taken by the Plaintiff from the decision of the Probate Court, removing him from the office and trust of administrator, did not reinstate him in said trust, so as to authorize him to act during the pending of the appeal. It was the duty of the Probate Court to appoint a special administrator to take charge of the estate, until such time as the appeal

should be determined. *Comp. Stat. Chap.* 42, *Sec.* 5, *p.* 4 33; *same, page* 435, *Sec.* 14.

A. M. & O. T. HAYES, and SANBORN & LUND, Counsel for Plaintiff in Error.

L. & S. SMITH, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J.　William E. Allison, the Defendant in error, executed a mortgage upon the premises in question to Rachel A. Baldwin, in her life time.　She subsequently died, and Silas H. Baldwin, the Plaintiff in error, was appointed sole administrator of her estate.　In the course of the settlement of the estate, he commenced a foreclosure of the mortgage given by William E. Allison, by advertisement under the statute.　The notice was in the ordinary form, and signed · "Silas H. Baldwin, administrator of the estate of Rachel A. Baldwin, the said mortgagee deceased," and also ·by the Sheriff of the county of Dakota, where the mortgaged premises were situated.　The sale was advertised to be made on the sixth day of March, 1858, and on the fifth day of that month the administrator was removed by the Probate Court of Dakota county, but appealed from the order removing him, which order was subsequently set aside. On the removal of the administrator, a special administrator was, on the sixth day of March, appointed for the estate.　The land was sold under the mortgage, and purchased by Silas H. Baldwin, for himself, who commenced this proceeding to obtain possession.

The court below held the notice of sale to be insufficient, because it did not set out the death of Rachel A. Baldwin, and the appointment of Silas H. Baldwin as her administrator, evidently regarding these facts as tantamount to an assignment of the mortgage, and as placing the administrator in the position of an assignee of the same.　This position is not well taken.　The statute (*Comp. Stats., p.* 644, *sec.* 5,) in providing that "every notice shall specify the names of the mortgagor and of the mortgagee, and the assignee, if any," has reference only to such assignments as are the subject of contract, and

are made by act of the parties. The signature of the administrator, with the affix which appeared with it, was all that was necessary to make the notice good under the statute in that respect.

The court also held that if the proceedings had been regular in that respect the sale was void, because the administrator purchased the property in his own right. It would be adding but one more decision to the long and unvarying series of cases now in the books, for us to hold that a purchase by a trustee of the property of the *cestui que trust* is voidable at the option of the 'latter. There is no rule more thoroughly settled than this one, and it requires only the fact of such a purchase to have been made to avoid the sale; no fraud in fact need be shown by the *cestui que trust*, and no excuse will be heard from the trustee to justify the act. The fact established, and the result inevitably follows. 4 *Kent Com.* 475; 2 *Story's Eq. Jur.*, sec. 1261; *Davone vs. Fanning*, 2 *John. Ch. R.* 252, where Chancellor Kent makes a lengthy review of the decided cases; *Conger vs. King*, 11 *Barb. S. C. R.*, 356; *Rogers vs. Rogers*, 1 *Hopkins Ch. R.* 515.

But it is equally well settled by the same cases that the *cestui que trust* may affirm the sale, if deemed an advantageous one, and will be entitled to receive all the profits arising from it. The sale therefore is not void, but voidable at the election of the *cestui que trust*, and if regular in other respects cannot be questioned by third parties for this reason. *Wilson vs. Troup*, 2 *Cow.* 238–9.

The mortgagee, Rachel A. Baldwin, stood in the relation of a trustee to Allison, the mortgagor, in respect to the mortgaged premises, but with the statutory qualification that she could have purchased the trust property at the sale. *Comp. Stats.*, *p.* 644, *sec.* 9. The administrator of her estate, in conducting this sale, occupied the same relation towards Allison that she would have done had she been living; he was a trustee, but with the privilege of purchasing the trust property. If he had purchased it for the estate of the mortgagee, Allison could not have complained of the fact, because he would have been authorized by express provision of statute to do so; if Allison then could not complain as *cestui que trust*

when the property was purchased by his immediate trustee, *a fortiori*, he is precluded from questioning a purchase by a party who is but an agent of his trustee. Of course the above reasoning proceeds upon the idea that the sale is questioned upon the naked fact of such a purchase having been made, and not upon a suggestion of fraud in fact. As in the latter case the mortgagor may raise the question, no matter who may be the purchaser.

It is the fiduciary relation that the administrator bears to the estate that he represents, which would prevent him from purchasing under a mortgage which he was foreclosing for the estate; but a violation of his duty in this respect may or may not be questioned, at the option of the beneficiaries of the estate, but not by strangers.

The foreclosure was commenced by Baldwin while administrator, and the day before the sale he was removed, and a special administrator appointed. The sale was made in pursuance of the notice, and as it does not appear that any objection was made to the sale by the special administrator, we are bound to presume that it was completed with his assent and approbation. Allison had full notice of the sale, and every step in the proceeding that he had any interest in was was complied with, and was regular. Nothing is urged against the sale except the purchase by Baldwin, and the fact of its having been made after his removal. The estate being satisfied, Allison has no right to complain, unless he can allege and show some fraud in fact.

The judgment should be reversed, and a new trial awarded.