CROWLEY COMPANY, INC., et al., Appellants,

v.

METROPOLITAN AIRPORTS COMMISSION, Viking Fence, Inc., Intervenor, Respondents.

No. C7–86–963.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Vincent W. King, Fabyanske, Svoboda & Westra, St. Paul, for Crowley Co., Inc.

Michael A. Berens, Oppenheimer Wolff Foster Shepard & Donnelly, Minneapolis, for Metropolitan Airports Com'n.

Timothy A. Sullivan, Moore Costello & Hart, St. Paul, for Viking Fence, Inc.

Heard, considered, and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

RANDALL, Judge.

On April 16, 1986, Crowley Company, Inc. (Crowley), appellant, sued to enjoin the Metropolitan Airports Commission's (MAC) award to Viking Fence and Construction Company, Inc. (Viking) of a contract to construct a fence at Crystal airport. Crowley also moved for a temporary restraining order. The district court issued the temporary restraining order.

After a hearing, the district court denied Crowley's motion for a temporary injunction, dissolved the temporary restraining order, and granted respondent Viking leave to intervene as a defendant. The trial court made no findings of fact or conclusions of law. Crowley appealed.

While Crowley's appeal was pending, the original judge fell ill. Another district court judge denied Crowley's subsequent motion for an injunction pending appeal, holding that it was inappropriate for one judge to act upon orders of another judge of the same court. On July 1, 1986, this court stayed all further proceedings pending appeal.

We reverse and remand for findings.

## FACTS

MAC solicited bids for fencing to be constructed at Crystal Airport in Hennepin County. The instructions to bidders stated that sealed bids were to be submitted to MAC's general offices by 2:00 p.m.

MAC's standard procedure allowed contractors to submit bids to MAC's receptionist until the deadline. Bidders were permitted to attend the bid opening held in MAC's basement conference room. The bid officer would wait at the receptionist's desk until the appointed time, inform the receptionist that the time for receiving bids had passed, and then take the submitted bids to the basement conference room and conduct the bid opening.

On the day bids were to be opened, at 2:00 p.m. according to the bid officer's watch, the bid officer informed the receptionist that no more bids would be accepted. He then proceeded to the conference room. Viking's representative then entered the receptionist's area and indicated that he had a bid. The bid officer informed Viking's representative that he would not accept the bid because it was past 2:00 p.m. The representative claimed that, according

to his watch, it was just then 2:00 p.m., and that he had been in the building before 2:00 p.m. The bid officer still refused to accept Viking's bid and proceeded to open the other bids.

The bid officer opened six bids, with the apparent low bid being Crowley's for $118,-800. Viking's representative again approached the bid officer. At the representative's request, the bid officer accepted Viking's bid envelope for "safekeeping."

MAC checked with "telephone time," and determined that the bid officer's watch was 1:04 minutes fast. MAC's staff attorney determined from this that Viking's bid was timely and should have been opened and considered. Viking's bid was $3055.15 lower than Crowley's bid, even after correction for mathematical error, and MAC declared Viking the low bidder. Crowley then commenced this lawsuit.

## ISSUE

Did the trial court err by denying a temporary injunction without making findings of fact or conclusions of law?

## ANALYSIS

■ Minn.R.Civ.P. 65.02 authorizes the issuance of a temporary injunction "if by affidavit, deposition testimony, or oral testimony in court, it appears that sufficient grounds exist therefor." The purpose of the temporary injunction is to preserve the status quo until the case is adjudicated on its merits. *Miller v. Foley*, 317 N.W.2d 710, 712 (Minn.1982).

The issue in this case is whether the trial court abused its discretion by denying Crowley's motion for a temporary injunction. "A trial court's ruling on a motion for a temporary injunction is largely an exercise of judicial discretion. The sole issue on appeal is whether there was a clear abuse of such discretion." *Eakman v. Brutger*, 285 N.W.2d 95, 97 (Minn.1979).

■ In determining whether the trial court has abused its discretion, an appellate court should consider:

(1) nature and background of the parties prior to the dispute;

(2) harm to be suffered by plaintiff if the temporary restraint is denied as compared to that inflicted on defendant if the injunction issues pending appeal;

(3) likelihood that one party or the other will prevail on the merits in light of established precedents fixing limits of equitable relief;

(4) aspects of the situation permitting or requiring consideration of public policy expressed in the statutes; and

(5) administrative burden involved in judicial supervision and enforcement.

*Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965).

Minn.R.Civ.P. 52.01, requires that a trial court judge acting without a jury make findings of fact and conclusions of law when refusing an interlocutory injunction.

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and *in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action.* * * * It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court or in an accompanying memorandum. Findings of fact and conclusions of law are *unnecessary* on decisions of motions under Rules 12 or 56 *or any other motion except as provided in Rule 41.02* [involuntary dismissal].

(Emphasis added).

Although Rule 52.01 states that findings of fact and conclusions of law are unnecessary in decisions on motions, it clearly requires that findings of fact and conclusions

of law be made by a court refusing to grant a temporary injunction.

> The purpose of requiring findings is to permit meaningful review upon appeal and it is therefore necessary that trial courts find facts and state conclusions clearly and specifically. For this reason, the oral findings and conclusions must be stated on the record, in the presence of the parties, in order that they are adequately preserved.

Minn.R.Civ.P. 52.01, Advisory Committee Note.

In denying Crowley's motion for temporary injunction, the district court did not make findings of fact or conclusions of law. Neither the court's one-page order nor the transcript of the temporary injunction hearing reveal the legal basis on which the judge denied Crowley's motion. There is an exception. Generally,

> where the record is reasonably clear and the facts not seriously disputed, the judgment of the trial court can be upheld in the absence of trial court findings made pursuant to Rule 52.01. * * * However, where the record is not clear and the facts are in dispute, findings of fact by the trial court, made pursuant to Rule 52.01, should be made.

*Roberson v. Roberson*, 296 Minn. 476, 478, 206 N.W.2d 347, 348 (1973). *Roberson* does not help us review a denial of a temporary injunction.

■ Courts have another exception to the general rule. Where the decision necessarily decides all the disputed facts, the findings are sufficient. *Lafayette Club v. Roberts*, 196 Minn. 605, 611, 265 N.W. 802, 805 (1936). Even if the decision does not necessarily decide *all* the facts in dispute, findings may still not be required if the issues are immaterial. *Lowell v. North & Carll*, 4 Minn. 25, (Gil. 15) (1860). If no findings in favor of the appellant would have been justified, the trial court's failure to make findings is harmless error. *See Cool v. Hubbard*, 293 Minn. 349, 355, 199 N.W.2d 510, 513 n. 1 (1972). The present case does not come within this exception.

■ Here we find that the trial court's failure to make findings or conclusions of law constitutes error, requiring reversal and remand. *See National Cab Co. v. Kunze*, 182 Minn. 152, 233 N.W. 838 (1930) (acting on motion for temporary injunction trial court failed to make findings on important disputed issues, requiring reversal and remand). In *Hawkins v. Foasberg*, 175 Minn. 252, 220 N.W. 951 (1928), the supreme court held that findings and conclusions should have been made in an action for accounting. Findings were necessary under the then-existing statute requiring written findings and conclusions to be separately stated. Failure to make findings was reversible error. *See Columbia Heights Police Relief Association v. City of Columbia Heights*, 305 Minn. 399, 233 N.W.2d 760 (1975) (Absence of findings could not be interpreted to support trial court's decision favorably to either party. Action was remanded, where the parties requested no findings and the court made no findings with respect to procedures followed in adopting an ordinance. The issue was whether a charter amendment enacted by the ordinance was invalid due to procedural defects in its adoption.)

As noted above, the trial court has broad discretion in deciding whether to grant a temporary injunction, and the *Dahlberg* factors are to be applied in determining whether the court has abused its discretion. *Dahlberg*, 272 Minn. 264, 137 N.W.2d 314.

The determination of the individual *Dahlberg* factors should have taken place at the trial court level. Absent findings, we do not know what the trial court concluded on the issues, and thus we cannot determine whether denial of Crowley's motion constituted an abuse of discretion.

Because the district court did not make any findings of fact or conclusions of law, either in writing or orally on the record, it is impossible to determine on appellate review which of these factors were found to have been inadequate to support Crowley's motion for a temporary injunction. We remand for those findings.

## DECISION

Without findings to support the trial court's decision, we cannot review this case to determine whether there was an abuse of discretion by the trial court. We therefore remand for findings of fact and conclusions of law.

Reversed and remanded.