Gerald G. QUIST, et al., Appellants,

v.

James W. KROENING, et al.,
Respondents.

No. C1–87–94.

Court of Appeals of Minnesota.

Aug. 4, 1987.

Robert R. Maunu, Pipestone, for appellants.

David M. Watson, Tyler, for respondents.

Considered and decided by POPOVICH, C.J., and NORTON and MULALLY*, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying a temporary injunction to require removal of an obstruction which allegedly inhibited drainage of surface water from appellants' land. The trial court found respondents' use of their land was reasonable and caused appellants no damage. Appellants claim the trial court erred because the court (1) misapplied the law and (2) made findings that are insufficient and unsupported by the evidence. We affirm.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

Appellants Gerald and Renee Quist and respondents James and Ann Kroening are adjoining landowners in Block 4 of Brown's First Addition, Pipestone, Minnesota. Appellants own Lots 8 and 9, respondents own Lot 1. The parties' land adjoins on opposite sides of a public utility easement for 20 feet on the northeast corner of appellants' land and the southwest corner of respondents' land. Although Block 4 is generally flat, appellants' land is slightly higher than respondents', which causes surface water from rain and spring thaws to flow northeasterly from appellants' to respondents' land.

Appellants built their house in 1962 on the west side of Lot 9 and respondents built their house in 1976 on the east side of their lot. In 1982, appellants spread two loads of dirt and four loads of sand on Lot 8 to elevate their garden approximately nine inches, thereby accentuating the flow of surface water onto respondents' land.

In 1986, Pipestone received seven to eight inches more than normal rainfall. After the heavy rains and spring thaws, surface water accumulated on appellants' northeast corner and respondents' southwest corner where it remained standing until it evaporated or soaked into the ground. In July, respondents spread one load of dirt to fill a low spot in the southwest corner of their yard which raised the ground level three inches and inhibited the flow of surface water from appellants' land onto respondents' land.

The following August, appellants commenced their action, seeking a temporary injunction to force respondents to remove the dirt elevating their land. At the hearing held in October, appellants also requested the court require respondents to dig a ditch on their land for drainage. Respondent James Kroening testified that prior to this action, appellant Gerald Quist entered respondents' property without their permission and dug such a ditch, which respondents later covered with sod.

Based on the evidence presented and testimony from appellant Gerald Quist, respondent James Kroening and a drainage contractor testifying on appellants' behalf, the trial court issued an order denying appellants' motion for a temporary injunction. The trial court stated "[n]either party presented any specific damages attributable to or resulting from said standing water" and specifically found:

[I]n view of all the circumstances of this case the [respondents'] spreading of the load of dirt in July, 1986 over the southwest corner of their land was not an unreasonable use of their land.

Appeal is made from the order filed December 15, 1986.

## ISSUES

1. Did the trial court misapply the law?

2. Are the trial court's findings insufficient or unsupported by the evidence?

## ANALYSIS

■ 1. In a memorandum attached to its order, the trial court expressly stated this case is "concerned solely with surface waters."

"Surface waters" consist of waters from rain, springs, or melting snow which lie or flow on the surface of the earth, but which do not form part of a well-defined body of water or natural watercourse.

*Enderson v. Kelehan,* 226 Minn. 163, 167, 32 N.W.2d 286, 288–89 (1948) (footnote omitted).

Minnesota follows the "rule of reasonable use" with regard to diversion or obstruction of surface water.

[T]he rule is that in effecting a reasonable use for a legitimate purpose a landowner, acting in good faith, may drain his land of surface waters and cast them as a burden upon the land of another, although such drainage carries with it some waters which would otherwise have never gone that way * * * if

(a) There is a reasonable necessity for such drainage;

(b) If reasonable care be taken to avoid unnecessary injury to the land receiving the burden;

(c) If the utility or benefit accruing to the land drained reasonably outweighs the gravity of the harm resulting to the land receiving the burden;

(d) If, where practicable, it is accomplished by reasonably improving and aiding the normal and natural system of drainage according to its reasonable carrying capacity, or if, in the absence of a practicable natural drain, a reasonable and feasible artificial drainage system is adopted.

*Duevel v. Jennissen*, 352 N.W.2d 93, 96 (Minn.Ct.App.1984) (quoting *Enderson*, 226 Minn. at 167–68, 32 N.W.2d at 289).

No one factor or circumstance is controlling. What is reasonable use is a question of fact to be resolved according to the special circumstances of each particular case.

*Enderson*, 226 Minn. at 168–69, 32 N.W.2d at 289. "The trial court's findings on reasonable use will not be disturbed upon appeal unless they are clearly erroneous." *Duevel*, 352 N.W.2d at 96.

In this case, the trial court applied the "reasonable use" rule initially outlined in *Enderson*. Appellants claim the trial court misapplied the law, arguing the *Duevel* case is controlling and strictly holds a lower elevation landowner is responsible for damages. Appellants' claim is without merit because *Duevel* quoted *Enderson* and consistently applied the reasonable use rule.

██ 2. Appellants claim the trial court's findings are insufficient. *See* Minn. R.Civ.P. 52.01 (findings of fact required to show grounds for refusing interlocutory injunction). Appellants argue the trial court's findings are insufficient because the court failed to make any specific findings regarding the damaging effect the construction of respondents' house in 1976 had on the flow of surface water on appellants' land.

The record, however, does not support such a finding. *See Crowley Co. v. Metropolitan Airports Commission*, 394 N.W.2d 542, 545 (Minn.Ct.App.1986) (if no findings in appellant's favor are justified, trial court's failure to make findings is

harmless error). Respondent James Kroening testified he and his wife intentionally did not raise the ground level to build their house to avoid steps for their handicapped son. Further, respondents lived ten years without complaint from appellants regarding the elevation of respondents' house. *See, e.g., Duevel*, 352 N.W.2d at 96 (two years without complaint supported finding of no water damage to appellant's property).

██ 3. Appellants next argue the trial court's findings regarding no damages and respondents' reasonable use are unsupported by the evidence. With respect to damages, the trial court further explained in its memorandum appellants showed only

a slight inconvenience in having land under water longer than usual. There was no evidence of loss of trees or other growth that could be attributed solely to [respondents].

The evidence supports the court's explanation and sustains its finding appellants incurred no specific damages.

The court also explained its finding respondents' spreading one load of dirt on their land was reasonable. In its memorandum, the court relied on *Collins v. Wickland*, 251 Minn. 419, 88 N.W.2d 83 (1958), where the Minnesota Supreme Court stated:

Common experience and knowledge have demonstrated that in order to prepare urban property for its customary use and enjoyment, it is frequently necessary to level, raise, lower, or otherwise alter the ground surface.

*Id.* at 426, 88 N.W.2d at 88 (footnote omitted).

In this case the trial court properly found respondents' three inch elevation of their land reasonable and consistent with the *Enderson* reasonable use factors. The evidence and testimony presented establish it was reasonably necessary to fill what was referred to as a "duck pond" in respondent's yard. The three inch elevation was minimal and showed reasonable care to avoid an unnecessary injury to appellant's land. Although no specific damage rela-

tive to either party was shown, both parties suffer the inconvenience of standing water on their land longer than usual. There was conflicting testimony at trial whether a drainage ditch on respondents' land would alleviate the problem. The trial court therefore properly denied appellants' motion to force respondents to remove the load of dirt on their property.

## DECISION

The trial court properly denied a temporary injunction, applied the reasonable use rule, and made sufficient findings supported by the evidence.

Affirmed.