**MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY, Appellant,**

v.

**MARK LEE PRODUCTIONS, INC., Respondent.**

**No. C1–87–810.**

Court of Appeals of Minnesota.

Sept. 8, 1987.

James A. Rubenstein, Margaret M. Van Valkenburg, O'Connor & Hannan, Minneapolis, for appellant.

Carolyn J. Trevis, Krause & Rollins, Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is an unlawful detainer action commenced by appellant Minneapolis Community Development Agency against respondent Mark Lee Productions, Inc. for failure to pay rent. The trial court found respondent was not in default under the lease and dismissed appellant's action. The Minneapolis Community Development Agency appeals from judgment granting respondent restitution and possession of the leased property. We affirm.

## FACTS

Appellant is the lessor of certain commercial property located in downtown Minneapolis. Respondent has rented the property since 1978 under a lease agreement with appellant. The lease agreement allows appellant to terminate the lease in the event of default, after first giving ten days written notice.

By letter dated December 9, 1986 appellant gave respondent notice that the December rent payment had not been received and that respondent was in default of the lease agreement. The letter stated payment must be received before December 19, 1986. Respondent received this letter and sent its check for the unpaid rent to appellant on December 17, 1986.

Appellant claims it did not receive the check until December 29, 1986. Thus, it sent notice on December 22 that the lease agreement was terminated as of that date. The letter also stated respondent could "continue occupation of the premises as a month-to-month tenant until notice at a rate of $1200 per month." The amount of the monthly rent under the lease agreement was $1320.

Respondent replied with its letter dated December 23, which stated that the rent

check was mailed on December 17 and should have been received by appellant by December 19. Respondent disregarded the offer for a month-to-month tenancy and paid its usual rent amount of $1320 in January. Appellant received the January check and refunded $120 to respondent for overpayment of rent under the month-to-month tenancy arrangement.

On January 23, appellant gave notice to respondent that its "tenancy is terminated at midnight, February 28, 1987." Respondent refused to vacate and appellant commenced this action. After hearing arguments of counsel and considering their memoranda and affidavits, the trial court issued its order stating in part:

1. There was no default by [respondent] under the lease, dated May 15, 1978, sufficient to entitle [appellant] to terminate the lease.

2. The written lease between the parties dated May 15, 1978 is in effect and governs the rights of the parties.

3. [Appellant] is not entitled to recover possession of the premises under the terms of the lease.

The court dismissed appellant's action and awarded respondent restitution and possession of the property. Appellant claims respondent defaulted on the lease; that appellant properly terminated the lease and started a month-to-month tenancy; and that appellant properly terminated the month-to-month tenancy.

## ISSUE

Was the trial court clearly erroneous in finding there was no default by respondent under the lease agreement?

## ANALYSIS

Findings of fact will not be set aside unless clearly erroneous. Minn.R. Civ.P. 52.01. In this case the trial court specifically found respondent was not in default on the lease. Appellant claims respondent did not make payment within the ten day period following notice of default. However, the record contains conflicting evidence as to when the ten day notice was received by respondent, and when the rent check was received by appellant. Because there is reasonable evidence supporting the trial court's conclusion, this court cannot rule that the trial court was clearly erroneous. Additionally, appellant has not provided this court with a transcript of the unlawful detainer hearing. The appellant bears the burden of providing an adequate record on appeal. *Mitterhauser v. Mitterhauser*, 399 N.W.2d 664, 667 (Minn.Ct.App. 1987). When no transcript is available for review this court cannot review the sufficiency of the evidence. *Id.*

Although not raised on appeal by either party, the trial court's one page order could be considered insufficient. In actions tried by a court without a jury, the trial court must find the facts specially and state separately its conclusions of law. Minn.R.Civ.P. 52.01. Rule 52.01 allows the trial court to state findings and conclusions in writing or orally on the record. Unfortunately, we have no transcript to review in this case. Although failure to include findings usually requires reversal, findings are not required when the decision necessarily decides all the disputed facts. *Crowley Co. v. Metropolitan Airports Commission*, 394 N.W.2d 542, 545 (Minn.Ct.App.1986). Even if the decision does not decide *all* the disputed facts, findings may still not be required if the undecided issues are immaterial. *Id.*

The trial court failed to make findings regarding the date the ten day notice was received by respondent and the date the December rent check was received by appellant. Yet the court did conclude respondent had not been in default sufficient to entitle appellant to terminate the lease. This conclusion necessarily decides the disputed facts in favor of respondent. Thus no additional findings are needed.

## DECISION

The trial court was not clearly erroneous in finding respondent was not in default on its lease.

Affirmed.