SUNNY FRESH FOODS,
INC., Appellant,

v.

MICROFRESH FOODS
CORPORATION, et al.,
Respondents.

No. C9–88–466.

Court of Appeals of Minnesota.

June 7, 1988.

Ronald J. Brown, Steven J. Wells, Thomas K. Klosowski, Dorsey & Whitney, Minneapolis, for appellant.

Jeffrey W. Lambert, Lee R. Bissonette, Barbara Ziegler Ashley, Kelley R. Lorix, Larson & Lambert, Wayzata, for respondents.

Considered and decided by CRIPPEN, P.J., and LANSING and SCHULTZ\*, JJ., without oral argument.

## OPINION

HAROLD W. SCHULTZ, Judge.

Sunny Fresh appeals an order denying its motion for temporary injunction, contending that the trial court abused its discretion. We affirm the trial court's order.

## FACTS

Appellant Sunny Fresh is a Delaware corporation with an egg processing facility in Monticello, Minnesota. In addition to other egg products, Sunny Fresh developed and currently produces a grilled scrambled egg square.

Respondents Kevin Speckman and Leonard Robertson were employees of Sunny Fresh. They signed a confidentiality agreement at the commencement of their employment. They agreed that during their employment and for five years thereafter they would not disclose to any person, firm or corporation any information concerning any of Sunny Fresh's customers or any other information concerning Sunny Fresh's manner of operation, its plans, processes or other data.

Speckman was in charge of research and development. Prior to his employment at Sunny Fresh, Speckman was a food scientist for 15 years. In March 1987, he accepted a position as vice president of respondent MicroFresh Foods Corporation. Speckman left Sunny Fresh in May 1987.

Respondent Robertson was vice president and national sales manager of Sunny Fresh during the development of the egg square. He left Sunny Fresh in February 1987 and began working for MicroFresh as its president. He later assumed the position of vice president of sales and marketing.

\* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Respondent MicroFresh is a Minnesota corporation founded in late 1986 or early 1987 by respondent Robertson, his brother Jack, Will Daniels and an investment banker. MicroFresh manufactures egg squares and other products. The original total capital contribution was $200,000, and the company's original debt was $482,000. Projected sales for 1988 are $1,670,000.

Sunny Fresh commenced suit in September 1987 alleging respondents Speckman and Robertson took confidential information from Sunny Fresh and used it to produce MicroFresh's egg square.

On January 15, 1988, the district court heard Sunny Fresh's motion for temporary injunction. Sunny Fresh sought to (1) prohibit respondents from using or disclosing information pertaining to the production, marketing, or sale of the grilled scrambled egg square developed by Sunny Fresh; (2) prohibit respondents from making egg products by means of Sunny Fresh's cooking process; (3) require the respondents to return to Sunny Fresh all Sunny Fresh documents which they removed from Sunny Fresh; (4) prohibit respondents from contacting Sunny Fresh's customers or brokers; and (5) prohibit respondents from using Alex Cansino and James Flavin as brokers.

On February 1, 1988, the district court denied the motion, determining that Sunny Fresh failed to show it had no adequate remedy at law. The court also determined greater harm would be suffered by respondents if the motion was granted than would be suffered by Sunny Fresh if the motion was denied.

## ISSUE

Did the trial court abuse its discretion in denying appellant's motion for temporary injunction?

## ANALYSIS

In *Lano Equipment, Inc. v. Clark Equipment Co.*, 399 N.W.2d 694 (Minn.Ct. App.1987), we stated:

> The trial court's ruling on a motion for temporary injunction is "largely an exercise of judicial discretion." *Thompson v.*

*Barnes*, 294 Minn. 528, 533, 200 N.W.2d 921, 925 (1972). The sole issue on appeal is "whether there was a clear abuse of such discretion by the trial court disregarding either the facts or the applicable principles of equity." *Id.* (footnotes omitted). On appeal, this court will view the facts alleged in the pleadings and the affidavits as favorably as possible to the party who prevailed below.

*Id.* at 696–97.

Sunny Fresh argues the trial court failed to set forth sufficient factual findings to support its denial of the motion for temporary injunction.

A temporary injunction is an extraordinary remedy designed to preserve the status quo until a trial on the merits is held. *Miller v. Foley*, 317 N.W.2d 710, 712 (Minn. 1982). Thus, a temporary injunction shall be granted only if "by affidavit, deposition testimony, or oral testimony in court, it appears that sufficient grounds exist therefor." Minn.R.Civ.P. 65.02.

According to the supreme court in *Cherne Industries, Inc. v. Grounds & Associates*, 278 N.W.2d 81 (Minn.1979):

> The party seeking the injunction must establish that his legal remedy is not adequate * * * and that the injunction is necessary to prevent great and irreparable injury.

*Id.* at 92 (citation omitted). In addition:

> Injunctive relief should be awarded only in clear cases, reasonably free from doubt * * *. The burden of proof rests upon the complainant to establish the material allegations entitling him to relief.

*AMF Pinspotters, Inc. v. Harkins Bowling, Inc.*, 260 Minn. 499, 110 N.W.2d 348, 351 (1961); *see generally Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 137 N.W.2d 314 (1965).

The trial court found that Sunny Fresh failed to meet its burden to show that it had no adequate remedy at law. The court further stated:

> [I]t is clear to this Court that the harm to MicroFresh far outweighs the corresponding hardship to Sunny Fresh. If

this motion were granted, the Order would cause MicroFresh to cease operations. On the other hand, denying the motion will keep this company in business, save jobs and allow justice to prevail when this suit is tried.

The trial court therefore concluded an adequate remedy exists at law, and appellant will not suffer great and irreparable injury.

Despite appellant's assertions to the contrary, the language in the order and memorandum indicates the trial court applied the appropriate legal factors to the facts of this case. We therefore find the order and memorandum sufficient to support the trial court's denial of the motion for temporary injunction.

This court is neither required nor compelled to engage in de novo review of this case. Pursuant to the February 26, 1988 order of the trial court, a special master has been appointed and is currently hearing this matter. The special master will issue findings of fact and conclusions of law for the trial court. De novo review by this court would be redundant and entirely inappropriate. We are satisfied that this case will be expeditiously resolved.

## DECISION

The trial court did not abuse its discretion in denying appellant's motion for a temporary injunction.

Affirmed.

CRIPPEN, J., dissenting.

CRIPPEN, Judge, dissenting.

The Minnesota Supreme Court has announced the five considerations which are relevant in deciding whether the trial court has abused its discretion in granting or denying a temporary injunction. *Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965). Identification of these standards is a settled matter of Minnesota law which has not been disturbed by subsequent appellate decisions.

By rule Minnesota trial court decisions granting or refusing temporary injunctions are to be accompanied by findings of fact identifying the grounds for the court's decision. Minn.R.Civ.P. 52.01; *Crowley Co. v. Metropolitan Airports Commission*, 394 N.W.2d 542, 544–45 (Minn.Ct.App.1986) (denial of temporary injunction remanded for appropriate findings). *See In re Amitad, Inc.*, 397 N.W.2d 594, 596 (Minn.Ct.App. 1986) (remand for findings on a trial court's refusal to dissolve a temporary injunction). Particularized findings are a prerequisite to meaningful appellate review in cases where the trial court has broad discretion and is governed by specific legal standards. Minn.R.Civ.P. 52.01 (advisory committee note); *see Crowley*, 394 N.W.2d at 545.

Here the trial court's findings addressed only one of the five *Dahlberg* standards, the consideration as to comparative harm to be suffered by the parties if the temporary injunction is denied or granted. This limited approach to the topic was evidently prompted by belief that some general principles of injunction law supplant the *Dahlberg* considerations.

The trial court noted supreme court statements, one prior to the *Dahlberg* decision and another in a permanent injunction case, identifying issues on the adequacy of the claimant's legal remedies and the extent and irreparability of its alleged injuries. These general observations do not take the place of the five *Dahlberg* considerations. The irreparability of claimant's harm and the inadequacy of its legal remedies are considerations incorporated into one of the five *Dahlberg* considerations, the factor regarding comparative harm to be suffered by the parties. *Dahlberg*, 272 Minn. at 275 n. 12, 137 N.W.2d at 321 n. 12; *see Lano Equipment, Inc. v. Clark Equipment Co.*, 399 N.W.2d 694, 697–98 (Minn. Ct.App.1987), *pet. for rev. denied* (Minn. Apr. 17, 1987S) (discussion of legal remedies and irreparability of harm as part of consideration on comparative hardships).

On this record, we cannot complete meaningful review and should remand for particularized findings. I respectfully dissent.