STATE of Minnesota, by its Attorney
General, Mike HATCH,
Respondent,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Appellant.

No. C1–99–1705.

Court of Appeals of Minnesota.

April 4, 2000.

Review Denied June 13, 2000.

**2** ■ 

Mike Hatch, Attorney General, Alan Gilbert, Chief Deputy Attorney General, Solicitor General, St. Paul, and David Woodward, Assistant Attorney General (for respondent).

Corey J. Ayling, Douglas J. Franzen, Kathleen M. Brennan, McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, Minneapolis (for appellant).

Considered and decided by KALITOWSKI, Presiding Judge, WILLIS, Judge, and HALBROOKS, Judge.

## OPINION

KALITOWSKI, Judge.

Appellant contends that because the attorney general lacks the independent authority to bring this lawsuit against an insurance company, the district court erred in determining it had subject matter jurisdiction.

## FACTS

In March 1999, respondent State of Minnesota, by the attorney general, brought an action against appellant American Family Mutual Insurance Company concerning appellant's payment of claims for storm damage. Respondent alleged that appellant violated consumer protection laws prohibiting false advertising, deceptive trade practices, consumer fraud, and regulations of insurance trade practices under chapter 72A of the Minnesota Statutes. Appellant asserted a counterclaim contending that because the attorney general did not have the authority to bring this action, the district court lacked subject matter jurisdiction. Respondent moved to dismiss the counterclaim and appellant moved for summary judgment on the counterclaim.

The district court denied appellant's summary judgment motion and dismissed the counterclaim. The district court determined that the attorney general and the commerce department had concurrent authority to pursue actions against an insurance company for the alleged statutory violations. The district court also determined that the doctrine of primary jurisdiction did not require the court to defer the case to the commerce department. The district court therefore enjoined the commerce department from going forward with any investigations or proceedings on the same matter. Following commencement of an appeal, this court issued an order limiting the appeal to the sole issue of subject matter jurisdiction and dismissing the parts of the appeal dealing with the doctrine of primary jurisdiction and the injunction against administrative proceedings.

## ISSUE

Did the district court err in determining that it had subject matter jurisdiction

based on its conclusion that the attorney general had legal authority to sue an insurance company for alleged violations of consumer protection laws?

## ANALYSIS

■ This case presents a question of law involving the legal authority of the attorney general to bring an action in district court against an insurance company. A reviewing court is not bound by and need not defer to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ We first note that, consistent with a prior order of this court, the only issue before us pertains to subject matter jurisdiction. Appellant contends the district court lacked subject matter jurisdiction because: (1) the attorney general did not have authority to bring this action; and (2) the commerce department has exclusive power over insurance. We disagree.

■ The attorney general has broad powers at common law:

> As the chief law officer of the state, the attorney general possesses all of the powers inherent in that office at common law. * * * The attorney general may institute, conduct, and maintain all such actions and proceedings as he deems necessary for the enforcement of the laws of this state, the preservation of order, and the protection of legal right.

*Humphrey ex rel. State v. McLaren,* 402 N.W.2d 535, 539 (Minn.1987) (quoting *Head v. Special Sch. Dist. No. 1,* 288 Minn. 496, 503, 182 N.W.2d 887, 892 (1970)). The attorney general's discretion to bring suit is plenary and is beyond the control of any other state department or officer. *State ex rel. Peterson v. City of Fraser,* 191 Minn. 427, 432, 254 N.W. 776, 778–79 (1934).

■ The attorney general has broad statutory powers as well. The attorney general may appear for the state in all civil causes in the state courts whenever, in the attorney general's opinion, the interests of the state require it. Minn.Stat. § 8.01 (1998). The attorney general has also been charged with investigating violations of the law "respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade." Minn.Stat. § 8.31, subd. 1 (1998). We conclude that the attorney general has been authorized by statute to bring suit for all the alleged violations in this action either because the violations are specifically listed by statute or because the violations involve unfair business practices. *See* Minn.Stat. §§ 8.31, subd. 1 and 8.32, subd. 2(a) (1998); *Morris v. American Family Mut. Ins. Co.,* 386 N.W.2d 233, 235–36 (Minn.1986) (stating that it is "clear" that section 72A.20 deals with unfair business practices within the meaning of Minn.Stat. § 8.31, subd. 1).

■ Appellant argues that, while the attorney general may otherwise be able to pursue violations of these statutes, the attorney general has limited authority over the insurance industry. We disagree. This argument is contrary to the plain language of Minn.Stat. § 8.31 (1998). Moreover, a provision excluding the insurance industry from the attorney general's power was repealed in 1983. Minn.Stat. § 8.31, subd. 4 (1982) (repealed by 1983 Minn. Laws ch. 290, § 173; ch. 301, § 235). "Legislative history indicates that [this provision] was repealed to make sure the attorney general could investigate and take action on unfair claims practices of insurance companies." *Morris,* 386 N.W.2d at 236.

Notwithstanding Minn.Stat. § 8.31, appellant argues that the district court erred in not dismissing this action because the commerce department has the exclusive authority to bring this suit based on statutes enumerating the commerce commissioner's authority. Appellant relies particularly on Minn.Stat. § 45.027, subd. 5 (1998), which provides:

> Whenever it appears to the commissioner that any person has engaged or is

about to engage in any act or practice constituting a violation of any law, rule, or order related to the duties and responsibilities entrusted to the commissioner, the commissioner has the following powers: (1) the commissioner may bring an action in the name of the state * * * in the district court * * * or the commissioner may refer the matter to the attorney general or the county attorney of the appropriate county.

The commissioner has the power to enforce this state's laws relating to insurance. Minn.Stat. § 60A.03, subd. 2 (1998). The commissioner has the specific power to investigate allegations against insurance companies of unfair trade practices prohibited by section 72A.19. Minn.Stat. § 72A.21 (1998).

▮ Appellant is correct that the commissioner has the authority to bring certain court actions under these provisions. But it does not necessarily follow that the commissioner's power to bring suit is exclusive. The legislature did not state that the commerce department's power was exclusive in any of the sections mentioned above. *Cf.* Minn.Stat. § 144.653, subd. 1 (1998) (providing that the state commissioner of health is "the exclusive state agency charged with the responsibility and duty of inspecting" facilities licensed under sections 144.50 to 144.58) and Minn.Stat. § 29.051 (1998) (providing that the board of animal health "shall have exclusive jurisdiction and control over all matters pertaining to poultry diseases"). If the legislature had intended that the commerce commissioner have exclusive authority, it could have stated this explicitly. Thus, we conclude that these provisions regarding the authority of the commerce commissioner do not prohibit the attorney general's action. *See State by Spannaus v. Northwestern Bell Tel. Co.*, 304 N.W.2d 872, 876–77 (Minn.1981) (holding that attorney general was permitted to bring suit to compel telephone company to obey Minnesota laws regarding telephone charges in light of the attorney general's broad common law powers where telecommunications statutes did not prohibit attorney general from doing so).

▮ Appellant further argues that section 45.027 requires the attorney general to consult with the commissioner of commerce and obtain the commissioner's permission before commencing an action. But the plain language of the statute does not support such a construction. That the commissioner of commerce has the authority to investigate and prosecute claims against insurance companies does not mean the attorney general is precluded from doing so. *See State ex rel. Young v. Robinson*, 101 Minn. 277, 284–85, 112 N.W. 269, 271 (1907) (holding that although city had authority to remove delinquent city officials, the legislature did not intend to deprive the attorney general of its power to remove delinquent city officials).

▮ Moreover, the existence of a comprehensive regulatory scheme in an area does not necessarily constrain the authority of others. *See State by Humphrey v. Byers*, 545 N.W.2d 669, 672 (Minn.App. 1996) (holding that the department of transportation, represented by the attorney general, possessed the authority to bring an eminent domain suit in district court to acquire a drainage easement even though drainage systems were governed by the county drainage authorities and a comprehensive act regulating drainage systems).

In conclusion, the district court has subject matter jurisdiction to hear this matter because: (1) the attorney general has broad common law and statutory authority to bring suits to protect the interests of Minnesota citizens; (2) the attorney general has not been prohibited by statute from bringing suit against an insurance company for the statutory violations alleged in the complaint; and (3) the statutes dealing with the authority of the commerce department and its commissioner to regulate insurance do not explicitly provide that the commissioner's authority is exclusive.

## DECISION

The district court properly concluded that it has subject matter jurisdiction to hear this matter.

**Affirmed.**