Joseph Anthony **FAVORS**, Appellant,

v.

Terry **KNEISEL**, et al., Respondents.

A17-0506

Court of Appeals of Minnesota.

Filed September 25, 2017

Joseph Anthony Favors, Moose Lake, Minnesota (pro se appellant).

Lori Swanson, Attorney General, Brandon Boese, Assistant Attorney General, St. Paul, Minnesota (for respondents).

Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

## OPINION

REILLY, Judge

Appellant Joseph Anthony Favors challenges the district court's dismissal of his claim against respondent-employees of the Minnesota Department of Human Services, arguing that the district court erred by holding that (1) Minnesota Statutes section 144.651 does not create a private cause of action and (2) appellant cannot establish a substantive due-process violation. Because Minnesota Statutes section 144.651 does not create a private cause of action and appellant failed to assert a cognizable substantive due-process claim, we affirm.

## FACTS

Appellant Joseph Anthony Favors is civilly committed to the Minnesota Sex Offender Program (MSOP) for an indeterminate period of time as a sexually dangerous person and a sexually psychopathic person. In April 2016, appellant filed a complaint against respondent-employees of the Minnesota Department of Human Services/MSOP, alleging that respondents violated his constitutional and statutory rights under 42 U.S.C. § 1983 and Minnesota Statutes section 144.651, by denying his request for a cassette recorder. Respondents sought dismissal of the complaint for failure to state a claim upon which relief may be granted, arguing that section 144.651 does not create a private

cause of action and that appellant failed to support his constitutional claim. The district court agreed and dismissed appellant's claims with prejudice; this appeal follows.

## ISSUES

I. Does Minnesota Statutes section 144.651 create a private cause of action?

II. Did appellant state a viable substantive due-process claim?

## DECISION

We review de novo the dismissal of a complaint under Minnesota Rule of Civil Procedure 12.02(e) for failure to set forth a legally sufficient claim for relief. *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 850 N.W.2d 682, 692 (Minn. 2014). In so doing, we accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the party seeking relief. *Id.* But we will uphold a dismissal order "if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded." *Finn v. All. Bank*, 860 N.W.2d 638, 653 (Minn. 2015) (quotation omitted).

I. **The district court did not err in dismissing appellant's complaint with prejudice for failure to state a claim upon which relief may be granted because the Minnesota Patients' Bill of Rights, Minnesota Statutes section 144.651, does not create a private cause of action.**

Appellant argues that respondents violated his rights under the Minnesota Patients' Bill of Rights, Minnesota

Statutes section 144.651,[1] by denying his request for a cassette recorder. The district court dismissed his claim on the ground that section 144.651 does not create a private cause of action. Whether a statute creates a private cause of action is a question of statutory interpretation reviewed de novo. *Becker v. Mayo Found.*, 737 N.W.2d 200, 207 (Minn. 2007). A statute gives rise to a private cause of action only if "the language of the statute is explicit or it can be determined by clear implication." *Id.* We consider three factors in our analysis:

(1) whether the plaintiff belongs to the class for whose benefit the statute was enacted;

(2) whether the legislature indicated an intent to create or deny a remedy; and

(3) whether implying a remedy would be consistent with the underlying purposes of the legislative enactment.

*Flour Exch. Bldg. Corp. v. State*, 524 N.W.2d 496, 499 (Minn.App. 1994), *review denied* (Minn. Feb. 14, 1995).

Minnesota Statutes section 144.651 evinces the legislature's intent "to promote the interests and well being of the patients and residents of health care facilities." *Id.*, subd. 1. The section includes a right to "appropriate medical and personal care" and an "internal grievance procedure" for patients alleging violations of their rights. *Id.*, subds. 6, 20. Appellant's status as a civilly committed patient at an inpatient facility for an indeterminate period of time demonstrates that he belongs to the class of people for whose benefit the statute was established, satisfying the first factor. *See* Minn. Stat. § 144.651, subd. 2 (defining "patient" as "a person who is admitted to an acute care inpatient facility for a continuous period longer than 24 hours, for the purpose of diagnosis or treatment bearing on the physical or mental health of that person").

But appellant's argument for a private right of action fails on the remaining factors. The second factor "seeks an indication that the legislature intended to create or deny a remedy for violation of statutory provisions." *Flour Exch. Bldg. Corp.*, 524 N.W.2d at 499. Here, there is no indication, based upon a review of the plain statutory language of section 144.651, that the legislature intended to create a private cause of action for civilly committed patients at an inpatient facility.

With regard to the third factor, implying a remedy would be inconsistent with the statute's underlying purpose. Courts are reluctant to imply a private cause of action where a statute has explicitly provided for an alternative remedy. *See Becker*, 737 N.W.2d at 207 ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." (citation omitted)). The Minnesota Patients' Bill of Rights provides a particular remedy. Section 144.651 articulates a grievance procedure for alleged violations of the statute and provides that inpatient facilities

---

1. The Minnesota Patients' Bill of Rights was enacted to promote the "interests and well being of the patients and residents of health care facilities," Minn. Stat. § 144.651, subd. 1, and incorporates, among other things, a definitional section, *id.*, subd. 2; information about patients' rights, *id.*, subd. 4; provisions respecting the right to courteous treatment, to appropriate health care, to information about treatment, to continuity of care, to privacy and confidentiality, and to protection and advocacy services, and to a treatment plan, *id.*, subds. 5, 6, 9, 11, 15, 16, 19, 21, 30, 32; a prohibition against maltreatment, *id.*, subd. 14; and a method of addressing grievances, *id.*, subd. 20.

shall have a written internal grievance procedure that, at a minimum, sets forth the process to be followed; specifies time limits, including time limits for facility response; provides for the patient or resident to have the assistance of an advocate; requires a written response to written grievances; and provides for a timely decision by an impartial decision maker if the grievance is not otherwise resolved.

*Id.*, subd. 20.

Moreover, exclusive authority to enforce the Minnesota Patients' Bill of Rights rests with the commissioner of health. *See* Minn. Stat. § 144.653, subd. 1 (2016) (identifying commissioner of health as the "exclusive state agency charged with the responsibility and duty of inspecting all facilities required to be licensed" under chapter 144); *see also State ex rel. Hatch v. Am. Family Mut. Ins. Co.*, 609 N.W.2d 1, 4 (Minn.App. 2000) (identifying section 144.653, subdivision 1, as providing "exclusive" authority to commissioner of health). And while a substantial violation of a patient's section 144.651 rights "shall be grounds for issuance of a correction order" by the commissioner of health, the issuance of such a correction order "shall not preclude, diminish, enlarge, or otherwise alter private action by or on behalf of a patient or resident to enforce any unreasonable violation" of that patient's rights under the grievance procedures articulat-

ed in section 144.651, subdivision 20. Minn. Stat. § 144.652, subd. 2 (2016) (discussing correction orders by commissioner of health); *see also* Minn. Stat. § 144.651, subd. 20 (elucidating grievance procedures for alleged violations of statute). By providing that the commissioner of health has exclusive authority to enforce the Minnesota Patients' Bill of Rights and that the issuance of such a correction order does not expand the patient's right to seek redress beyond the grievance procedures set forth in section 144.651, subdivision 20, the legislature demonstrated that it did not intend to create a private cause of action.

We therefore conclude that, because the statutory language weighs against implying a private cause of action under section 144.651, the district court did not err in dismissing appellant's claims with prejudice for failure to state a claim upon which relief could be granted.[2]

## II. The district court did not err in dismissing appellant's substantive due-process claim with prejudice.

 Appellant asserts that respondents deprived him of his constitutional due-process rights by denying his request to have a cassette recorder. We disagree. "The United States and Minnesota Constitutions each guarantee a criminal defendant the right to due process." *State v. Hill*, 871 N.W.2d 900, 905 (Minn. 2015)

2. While not binding, we may look to persuasive federal court opinions for guidance, particularly where our own jurisprudence is underdeveloped. *See Citizens for a Balanced City v. Plymouth Congregational Church*, 672 N.W.2d 13, 20 (Minn.App. 2003) ("Although not binding, ... other federal court opinions are persuasive and should be afforded due deference."). We note that several federal courts have declined to recognize a private cause of action under Patients' Bill of Rights statutes. *See, e.g., Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 994 (1st Cir. 1992) (concluding that Restatement of Bill of Rights for Mental Health Patients, 42 U.S.C. § 10841, which provides that each state should review and revise its laws to ensure protection and services for mental health patients, does not create enforceable federal rights); *Smith v. Au Sable Valley Cmty. Mental Health Servs.*, 431 F.Supp.2d 743, 750 (E.D. Mich. 2006) (determining that Developmental Disabilities Assistance and Bill of Rights Act did not create an individual federal right that could be enforced in a Section 1983 action).

(citing U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7) (other citations omitted). Minnesota courts "interpret[ ] the substantive component of the right to due process as protecting an individual from certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Id.* at 906 (quotations omitted). A party alleging a constitutional violation must demonstrate "governmental conduct so egregious that it shocks the conscience." *Mumm v. Mornson*, 708 N.W.2d 475, 487 (Minn. 2006) (quotation omitted). Thus, "only the most extreme instances of governmental misconduct can satisfy the exacting shocks-the-conscience standard, with these acts often evincing deliberate and unjustifiable injurious intent." *Hill*, 871 N.W.2d at 906. Appellant has not met this standard, and does not cite to any relevant caselaw supporting his claim. Because the complaint does not set forth a legally sufficient claim for relief, the district court did not err in dismissing appellant's substantive due-process claim with prejudice.

**Affirmed.**